IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT E. COLE                               Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050
_____

OWEN J. ROGAL, D.D.S., P.C.         :
d/b/a THE PAIN CENTER
501-07 SOUTH 12TH STREET
PHILADELPHIA, PA  19147

       Plaintiff           :

       V.                  :   NO. 05-6074

SKILSTAF, INC.                      :
P.O. BOX 729
ALEXANDER CITY, AL  35011

       Defendant           :
_____

**ORDER**

AND NOW, this         day of              , 2005, upon consideration of defendant's Motion to Dismiss and plaintiff's Reply thereto and the memorandum of law filed in support thereof, it is hereby **ORDERED and DECREED** that the Motion to Dismiss is **DENIED**.

                        BY THE COURT:

                        _____
                                      J.

IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
ROBERT E. COLE                              Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050
```
_____

```
OWEN J. ROGAL, D.D.S., P.C.         :
d/b/a THE PAIN CENTER
501-07 SOUTH 12TH STREET
PHILADELPHIA, PA  19147

            Plaintiff               :

        V.                          :   NO. 05-6074

SKILSTAF, INC.                      :
P.O. BOX 729
ALEXANDER CITY, AL  35011

            Defendant               :
```
_____

**<u>PLAINTIFF OWEN J. ROGAL, D.D.S., P.C.'S REPLY IN OPPOSITION TO
DEFENDANT SKILSTAF, INC.'S MOTION TO DISMISS</u>**

Plaintiff Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, by and through its undersigned counsel, does hereby respond to defendant's Motion and avers as follows:

1. The plaintiff in this matter is Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, a corporation with principal place of business being located at 501-07 South 12th Street, Philadelphia, PA  19147.

2. Defendant Skilstaf, Inc. is an Alabama corporation and insurance provider/plan administrator with its headquarters and

principal place of business located at P.O. Box 729, Alexander City, AL 35011.

3. This matter commenced in October, 2005 in Philadelphia County, PA and was removed to this Court on or about November of 2005.

4. This matter concerns plaintiff medical provider's allegations of non-payment of medical bills by defendant incurred by patient/insured Dennis Berry.

5. Defendant filed the instant Motion to Dismiss upon grounds of jurisdiction, venue and failure to exhaust administrative remedies.

6. Defendant has withdrawn its arguments as to jurisdiction and venue herein.

7. Plaintiff has properly pleaded its right to receive payment from defendant and compliance with terms of insurance as well as all conditions precedent. See Complaint, pp. 12.

8. Plaintiff has likewise pleaded breach of fiduciary duty on defendant's part. See Complaint, pp. 11, 13, 18.

9. Plaintiff has exhausted all administrative remedies prior to filing the instant matter. By way of further definition, please see Exhibit "A" attached hereto and made by reference a part hereof. Plaintiff's counsel was informed orally by defendant of its denial of plaintiff's bills for services rendered to Dianna Berry. Plaintiff's counsel

thereupon submitted the "appeal" of said denial in writing to defendant's administrator.

10. Discovery will reveal the numerous attempts plaintiff made by telephone and in writing to appeal defendant's denial of payment of benefits.

WHEREFORE, plaintiff respectfully requests that this court deny defendant's Motion to Dismiss.

```
_____        REC6159_____
Date                         Robert E. Cole, Esquire
                             Attorney for Plaintiff
                             Atty. I.D. No. 73263
                             437 Chestnut Street, Suite 218
                             Philadelphia, PA  19106
                             (215) 922-2050
```

```
                   IN THE UNITED STATED DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT E. COLE                              Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050
_____


OWEN J. ROGAL, D.D.S., P.C.        :
d/b/a THE PAIN CENTER
501-07 SOUTH 12TH STREET
PHILADELPHIA, PA  19147

              Plaintiff            :

              V.                   :   NO. 05-6074

SKILSTAF, INC.                     :
P.O. BOX 729
ALEXANDER CITY, AL  35011

              Defendant            :
_____
```

**PLAINTIFF OWEN J. ROGAL, D.D.S., P.C.'S BRIEF IN OPPOSITION TO DEFENDANT SKILSTAF, INC.'S MOTION TO DISMISS**

### I. INTRODUCTION

Defendant's motion is not well-taken for several reason. Plaintiff has properly exhausted its administrative remedies, and has properly pleaded same. In addition, Defendant's motion to Dismiss pursuant to Fed. R.C.P. 12(b)(6) is in reality a motion for summary judgment under Fed. R.C.P.56. Fed. R.C.P. 12(b)(6) is a "failure to state a claim upon which relief can be granted". Rule 12(b) asserts that "[i]f on the motion asserting the defense number (6) to dismiss for failure of the pleading to

state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Needless to say, Plaintiff has had no opportunity to conduct formal discovery nor has it received any documents from Defendant outside of those attached to its Motion to Dismiss. Plaintiff will not have a reasonable opportunity to present all materials pertinent to this motion, as required under Rule 12(b) until completion of discovery. Therefore, Plaintiff respectfully requests that this motion be dismissed without prejudice to refiling as a motion for summary judgment after completion of discovery in this matter.

As to the specific issues addressed in Defendant's motion to dismiss, these issues are addressed herein below.

**II. <u>FACTS</u>**

The plaintiff in this matter is Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, a corporation with principal place of business being located at 501-07 South 12th Street, Philadelphia, PA 19147. Defendant Skilstaf, Inc. is an Alabama corporation and insurance provider/plan administrator with its

headquarters and principal place of business located at P.O. Box 729, Alexander City, AL 35011.

This matter commenced in October, 2005 in Philadelphia County, PA and was removed to this Court on or about November of 2005. This matter concerns plaintiff medical provider's allegations of non-payment of medical bills by defendant incurred by patient/insured Dennis Berry.

### III. **ARGUMENT**

#### A. **Standard of Review under Rule 12(b)(6)**

A motion to dismiss under rule 12(b)(6) of the Federal Rules of Civil Procedure is the appropriate method by which to challenge the legal sufficiency of a claim. Brennan v. National Telephone Director Corp., 850 F. Supp. 331, 335 (E.D. Pa. 1994); See United States v. Marisol, Inc., 725 F. Supp. 833 (M.D. Pa. 1989). In reviewing the pleadings and any materials of record, the court must accept as true all of the matters pleaded and all reasonable inferences that can be drawn therefrom, construing them in the light most favorable to the non-moving party. Markowitz v. Northeast Land Co., 906 F.2d 100,103 (3rd Cir. 1990); Hough/Loew Assoc.,Inc. v. CLX Realty Co., 760 F. Supp. 1141, 1142, (E.D. Pa. 1991). A complaint is properly dismissed if it appears certain that the Plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78

S. CT. 99, 101-102, 2 L. E2d 80 (1957); Ramson v. Marrazzo, 848 F. 2d 398, 401 (3rd Cir. 1988).

Under the Rules of Civil Procedure, where a party attaches materials outside the pleadings to a motion to dismiss, the motion may be converted into a motion for summary judgment. Fed. R. Civ. P. 12(c). This is at the discretion of the court. Brennan v. National Telephone Directory Corp., 855 F. Supp. 331, 335 (E. D. Pa. 1994); Wiley v. Hughes Capital Corp., 746 F. Supp. 1264, 1275 (D.W.J. 1990); Kelly ex. rel. Michigan NCR v. Asco Indus., 721 F. Supp. 873, 877 (W.D. Mich. 1989). The court may also remove materials attached by both parties and consider the motion only as a motion to dismiss. Brennan at 335, 336.

    **B.** **Plaintiff has properly pleaded exhaustion of administrative remedies sufficient to defeat defendant's 12(b)(6) Motion**

While defendant's Motion should well be termed a summary judgment Motion under Rule 56 for its subject matter as well as inclusion of documents outside the pleadings to this point, plaintiff nevertheless has well-pleaded its Complaint so as to defeat the granting of a 12(b)(6) Motion.

Initially, plaintiff notes that of the cases cited by defendant in support of its position, Harrow, Weldon, and Berger were summary judgment motions under Rule 56 and thus inapposite herein. Wolf involved an appeal to the 3rd Circuit Court of

Appeals.  Regarding Troiani, said case was not concerning an ERISA matter and was a combination Rule 12(b) and 56 motion.

This Court has stated with regard to 12(b)(6) motions:

"When considering a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), the Court must accept as true all facts alleged by the non-moving party and any reasonable inferences that can be drawn therefrom.  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (citing Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988)); see also H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, 106 L. Ed. 2d 195, 109 S. Ct. 2893 (1989).  The court is not required to credit a party's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. See Id. The Federal Rules merely require "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2) (West 2001)."

Regional Employers' Assurance Leagues Voluntary Employees' Beneficiary Ass'n Trust, Et Al. v. Sidney Charles Markets, Inc., et al., 2003 U.S. Dist. LEXIS 1380.

>   Further, there are two (2) recognized exceptions to the exhaustion requirement recognized in this Circuit – the futility exception and the exception for claims asserting a breach of fiduciary duty… First, the exhaustion requirement is waived in situations where resort to the plan remedies would be futile. Harrow, 279 F.3d at 249 (citing Berger v. Edgewater Steel Co., 911 F.2d 911, 916 (3d Cir. 1990)). A party claiming futility must make a "clear and positive showing" that further attempts to seek redress under the plan would be futile. Id. (citing Brown v. Cont'l Baking Co., 891 F. Supp. 238, 241 (E.D. Pa. 1995)). In evaluating a futility argument, a court must weigh several factors, including whether: (1) plaintiff acted diligently in pursuing administrative relief; (2) plaintiff acted reasonably in seeking immediate judicial review; (3) a fixed policy denying benefits existed; (4) the insurance company failed to comply with its own internal procedures; and (5) the plan administrator asserts that further administrative actions are futile. Id. (citing Berger, 911 F.2d at 916-17). All factors need not weigh equally. Id… Second, an exception exists where a party asserts a breach of fiduciary duty claim against a plan administrator under § 404 of ERISA. Harrow, 279 F.3d at 253 (citing Zipf v. Am. Tel. & Tel. Co., 799 F.2d 889, 892-93 (3d Cir. 1986)). The breach of fiduciary duty claim must be independent of any claim for benefits. Id. (citing Smith v. Sydnor, 184 F.3d 356, 363 (4th Cir. 1999)). If not, claimants could avoid the exhaustion requirement by artfully pleading benefits claims as breach of fiduciary duty claims. Id. (citing Drinkwater v. Metro. Life Ins. Co., 846 F.2d 821, 826 (1st Cir. 1988)).

Regional Employers' Assurance Leagues Voluntary Employees' Beneficiary Ass'n Trust, Et Al. v. Sidney Charles Markets, Inc., et al., 2003 U.S. Dist. LEXIS 1380.

Herein, plaintiff has well-pleaded its right to bring the instant action. See Complaint at pp. 12: Plaintiff, at all relevant times, fully complied with all of the terms of the policies and all conditions precedent and subsequent to plaintiff's right to receive benefits under the policy.

Additionally, plaintiff has pleaded the existence of defendant's fiduciary duty. See Complaint at pp. 11, 13, 18. Given same, defendant's Motion to Dismiss must fail as plaintiff has sufficiently pleaded satisfaction of all conditions precedent to filing suit.

As an additional matter, while discovery has not yet been conducted and documents not yet been produced by defendant, plaintiff does bear limited documentation of its actual "appeal" of defendant's denial of benefits. Plaintiff as well as plaintiff's counsel did memorialize its appeal to the plan administrator. See Exhibit "A", attached hereto and made by reference a part hereof.

Therefore, given plaintiff's well-pleaded Complaint and its actual appeal of denial of benefits as evinced by Exhibit "A", plaintiff submits that it has satisfied its burden under Rule 12(b)(6) and Rule 56 so that defendant's Motion must fail.

**IV. CONCLUSION**

In conclusion, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter the attached Order Denying Defendant's Motion to Dismiss.

_____          REC6159_____
Date                             Robert E. Cole, Esquire
                                 Attorney for Plaintiff
                                 Atty. I.D. No. 73263
                                 437 Chestnut Street, Suite 218
                                 Philadelphia, PA  19106
                                 (215) 922-2050

**IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ROBERT E. COLE                                    Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050
_____

OWEN J. ROGAL, D.D.S., P.C.          :
d/b/a THE PAIN CENTER

        Plaintiff           :

        V.                  :      NO. 05-6074

SKILSTAF, INC.                       :

        Defendant           :
_____

**CERTIFICATE OF SERVICE**

    Robert E. Cole, Esquire, attorney for plaintiff, hereby verifies that on the date below, he served upon Jeanne L. Bakker, Esquire, attorney for defendant above, a true and correct copy of the foregoing Reply to Motion to Dismiss and accompanying documents by first class mail, postage prepaid to the following address:

        Montgomery McCracken et al.
        123 South Broad Street
        Philadelphia, PA  19109


_____          REC6159_____
Date                      Robert E. Cole, Esquire
                          Attorney for Plaintiff
                          Atty. I.D. No. 73263
                          437 Chestnut Street, Suite 218
                          Philadelphia, PA  19106
                          (215) 922-2050