IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OWEN J. ROGAL, D.D.S., P.C.<br>d/b/a THE PAIN CENTER :<br>:<br>Plaintiff, :<br>:<br>vs. :<br>:<br>SKILSTAF, INC. :<br>:<br>Defendant. : | CIVIL ACTION NO.<br><br>05-6074 |

DEFENDANT'S MEMORANDUM OF LAW
IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant SkilStaf, Inc. ("SkilStaf") respectfully submits this Memorandum of Law in reply to The Pain Center's opposition to SkilStaf's Motion to Dismiss The Pain Center's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

ARGUMENT

1. **The Court Should Not Treat SkilStaf's Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(6) As A Motion For Summary Judgment Under Rule 56.**

SkilStaf's Motion to Dismiss The Pain Center's Complaint originally was also premised on lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and improper venue under Federal Rule of Civil Procedure 12(b)(3). SkilStaf attached the Affidavit of Crystal Dunn to its Motion to Dismiss in support of its jurisdiction and improper venue arguments. However, on December 6, 2005, SkilStaf withdrew its Motion as to jurisdiction and improper venue together with the supporting Affidavit.

Consequently, SkilStaf's Motion to Dismiss is solely pursuant to Federal Rule of Civil Procedure 12(b)(6) based upon The Pain Center's failure to exhaust administrative remedies. Because the Affidavit of Crystal Dunn was in support of SkilStaf's withdrawn arguments, SkilStaf's Motion to Dismiss does not present matters outside the pleadings. While SkilStaf did attach a copy of the Plan to its Motion to Dismiss, doing so does not present matters outside of the pleadings. On the contrary, The Pain Center's Complaint refers repeatedly to the Plan (alternately referring to the Plan as a "group healthcare insurance plan" (Compl. ¶ 3), "insurance policy" (Compl. ¶¶ 4, 15), and "policy" (Compl. ¶¶ 9, 10, 12, 16, 18, 20, 21)).

According, the Court should not treat SkilStaf's Motion as one for summary judgment under Rule 56.

### 2. The Pain Center's Complaint Is Devoid Of Allegations Sufficient To Establish Exhaustion of Administrative Remedies.

The Court should not credit The Pain Center's "bald assertions" and "legal conclusions" that it has exhausted the administrative remedies available under the Plan. The Pain Center claims to have properly pled exhaustion of administrative remedies in paragraph 12 of the Complaint. However, that paragraph merely states:

> 12. Plaintiff, at all relevant times, fully complied with all of the terms of the policies and all conditions precedent and subsequent to plaintiff's right to receive benefits under the policy.

The "terms" of the Plan and the "conditions precedent and subsequent" that bear on a participant's "right to receive benefits" under the Plan include, for example, the eligibility requirements for participation in the Plan, whether the Plan has authorized a provider to provide services, whether the treatment is medically necessary, and whether the treatment is otherwise excluded from coverage, *etc.*

2

Thus, in paragraph 12 of the Complaint, The Pain Center has merely alleged that it has satisfied the Plan's "terms" and is entitled to payment for the medical services it provided. Paragraph 13 of the Complaint further alleges that the Plan wrongfully denied its claims for payment for those medical services. However, having alleged that The Pain Center satisfied the Plan's "terms" for Plan "benefits," and having further alleged that the Plan wrongfully denied its claims for payment, the Complaint is utterly devoid of any additional allegations that The Pain Center appealed the Plan's denial of its claims for payment of benefits, or otherwise exhausted the Plan's administrative remedies available to it, in order to obtain the Plan's review of its initial denial of The Pain Center's claims.[1]

Consequently, even accepting as true all of the matters pleaded and all reasonable inferences that can be drawn therefrom and construing them in the light most favorable to The Pain Center, The Pain Center cannot prove any set of facts that would entitle it to relief. *See Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (citation omitted). That is so because the Third Circuit has firmly established that "a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (citations omitted); *Reg'l Employers' Assurance Leagues Voluntary Employees' Beneficiary Assoc. Trust v. Sidney Charles Mkts., Inc.*, Civ. No. 01-4693, 2003 U.S. Dist. LEXIS 1380, at *16 (E.D. Pa. Feb. 2, 2003).

---

[1] The Pain Center belatedly attempts to demonstrate that it "appealed" the Plan's denial of its claims for payment of benefits by attaching a single item of correspondence to its Memorandum in opposition to SkilStaf's Motion to Dismiss. Because SkilStaf's Motion to Dismiss is pursuant to Fed. R. Civ. Pro. 12(b)(6) and should not be treated as a motion for summary judgment under Rule 56, the Court should disregard the documents attached to The Pain Center's brief. Moreover, this single item of correspondence certainly does not demonstrate that The Pain Center exhausted the administrative remedies available under the Plan.

Thus, The Pain Center has failed to state a claim upon which relief may be granted and this Court should dismiss The Pain Center's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. **The Pain Center's Complaint Is Devoid Of Allegations Sufficient To Establish A Breach Of Fiduciary Duty Claim.**

In response to SkilStaf's Motion to Dismiss and in a vain effort to excuse its failure to exhaust administrative remedies under the Plan, The Pain Center now attempts to conjure a breach of fiduciary duty claim from the allegations in its Complaint. The Pain Center directs the Court to paragraphs 11, 13 and 18 of its Complaint in support of this assertion, but even when read in a light most favorable to The Pain Center, those paragraphs do not assert a breach of fiduciary duty claim under Section 404 of the Employee Retirement Income Security Act that is independent of The Pain Center's claim for payment of benefits under the Plan. *See Reg'l Employers' Assurance Leagues Voluntary Employees' Beneficiary Assoc. Trust v. Sidney Charles Mkts., Inc.*, Civ. No. 01-4693, 2003 U.S. Dist. LEXIS 1380, at *29 (E.D. Pa. Feb. 2, 2003).

As in *Harrow*, and *Reg'l Employers' Assurance, supra*, The Pain Center's alleged breach of fiduciary duty claim is premised upon the Plan's alleged failure to pay The Pain Center's claims. For example, The Pain Center alleges that SkilStaf "owes fiduciary ... duties toward plaintiff to investigate the claims in good faith and pay same promptly" (Compl. ¶ 11), and that SkilStaf "refused, without legal justification ... to pay plaintiff's medical bills." (Compl. ¶ 13). Thus, it is apparent that The Pain Center's Complaint utilizes various rhetorical formulations to assert its claim for payment of benefits under the Plan, but does not otherwise assert an independent statutory breach of fiduciary duty claim.

4

As such, The Pain Center cannot invoke the breach of fiduciary duty exception to the requirement that it exhaust administrative remedies under the Plan. That being so, The Pain Center has failed to state a claim upon which relief may be granted and this Court should dismiss The Pain Center's Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendant SkilStaf, Inc. respectfully requests that this Court grant its Motion to Dismiss and dismiss The Pain Center's Complaint.

Respectfully submitted,

_____
Jeanne L. Bakker (I.D. No. 79122)
Beth A. Friel (I.D. No. 86548)
Montgomery, McCracken,
 Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-1500

Attorneys for Defendant
SkilStaf, Inc.

Dated: December 20, 2005

5

## CERTIFICATE OF SERVICE

I, Jeanne L. Bakker, counsel for Defendant SkilStaf, Inc., hereby certify that I caused a copy of Defendant's Memorandum of Law in Reply to the Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, to be served by first class U.S. mail, postage prepaid, upon the persons, at the addresses and on the date that appears below:

>Robert E. Cole, P.C.
>Lafayette Building
>437 Chestnut Street
>Suite 218
>Philadelphia, PA  19106

Date:   December 20, 2005

Jeanne L. Bakker