## IN THE UNITED STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT E. COLE                                          Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050
_____

OWEN J. ROGAL, D.D.S., P.C.          :
d/b/a THE PAIN CENTER
501-07 SOUTH 12TH STREET
PHILADELPHIA, PA  19147

       Plaintiff                 :

       V.                        :   NO. 05-6074

SKILSTAF, INC.                       :
P.O. BOX 729
ALEXANDER CITY, AL  35011

       Defendant                 :
_____

### ORDER

AND NOW, this        day of            , 2006, upon consideration of defendant's Motion to Transfer Venue and plaintiff's Reply thereto and the memorandum of law filed in support thereof, it is hereby **ORDERED and DECREED** that the Motion to Transfer Venue is **DENIED**.

                                              BY THE COURT:

                                              _____
                                                                  J.

IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT E. COLE<br>ROBERT E. COLE, P.C.<br>ATTORNEY I.D. NO. 73263<br>437 CHESTNUT STREET, SUITE 218<br>PHILADELPHIA, PA 19106<br>(215) 922-2050 | Attorney For Plaintiff |

_____

OWEN J. ROGAL, D.D.S., P.C.       :
d/b/a THE PAIN CENTER
501-07 SOUTH 12TH STREET
PHILADELPHIA, PA 19147

        Plaintiff     :

        V.     :   NO. 05-6074

SKILSTAF, INC.     :
P.O. BOX 729
ALEXANDER CITY, AL 35011

        Defendant     :

_____

**PLAINTIFF OWEN J. ROGAL, D.D.S., P.C.'S REPLY IN OPPOSITION TO DEFENDANT SKILSTAF, INC.'S MOTION TO TRANSFER VENUE**

Plaintiff Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, by and through its undersigned counsel, does hereby respond to defendant's Motion and avers as follows:

1. The plaintiff in this matter is Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, a corporation with principal place of business being located at 501-07 South 12th Street, Philadelphia, PA 19147.

2. Defendant Skilstaf, Inc. is an Alabama corporation and insurance provider/plan administrator with its headquarters and principal place of business located at P.O. Box 729, Alexander City, AL 35011.

3. This matter commenced in October, 2005 in Philadelphia County, PA and was removed to this Court on or about November of 2005.

4. This matter concerns plaintiff medical provider's allegations of non-payment of medical bills by defendant incurred by patient/insured Dennis Berry.

5. Patient/insured Dennis Berry has assigned his rights/benefits in this matter to plaintiff.

6. Defendant filed the instant Motion to Transfer Venue to Alabama upon grounds of convenience for defendant.

7. In a previous Motion presently pending before the Court, defendant raised issue of *forum non conveniens* under Federal Rule 12(b)(3).

8. Defendant withdrew its arguments as to forum non conveniens therein.

9. Defendant has registered as a foreign business to conduct business in the Commonwealth of Pennsylvania. By way of further definition, please see Exhibit "A" attached hereto and made by reference a part hereof, Pa Department of State filing evincing same.

10. Per 42 Pa.C.S. § 5301, said registration establishes defendant's personal jurisdiction in the Commonwealth of Pennsylvania.

11. Defendant may be found in the eastern district of Pennsylvania for purposes of determining venue.

12. Plaintiff and witnesses therefor are located in the eastern district of Pennsylvania.

13. Patient/insured Dennis Berry resides at 117 Timberlake Lane, Clarksboro, NJ 08020, approximately seventeen (17) miles from this District Court.

14. Defendant has made payments on the health/benefits plan at issue herein to plaintiff in this forum.

15. Defendant's records and documentation regarding this matter may be produced in this forum.

16. Plaintiff and defendant's counsel are located in this forum.

17. Forum selection clauses in contracts consenting to jurisdiction in a particular forum do not provide exclusive jurisdiction in that particular forum.

18. Plaintiff did not consent to jurisdiction in the instant matter in an Alabama forum.

19. Patient/insured Dennis Berry did not consent to jurisdiction in the instant matter in an Alabama forum.

WHEREFORE, plaintiff respectfully requests that this court deny defendant's Motion to Transfer Venue.

_____  REC6159_____
Date                    Robert E. Cole, Esquire
                        Attorney for Plaintiff
                        Atty. I.D. No. 73263
                        437 Chestnut Street, Suite 218
                        Philadelphia, PA  19106
                        (215) 922-2050

IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT E. COLE                                              Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050
_____

OWEN J. ROGAL, D.D.S., P.C.            :
d/b/a THE PAIN CENTER
501-07 SOUTH 12TH STREET
PHILADELPHIA, PA  19147

        Plaintiff                :

        V.                       :    NO. 05-6074

SKILSTAF, INC.                         :
P.O. BOX 729
ALEXANDER CITY, AL  35011

        Defendant                :
_____

**PLAINTIFF OWEN J. ROGAL, D.D.S., P.C.'S BRIEF IN OPPOSITION TO DEFENDANT SKILSTAF, INC.'S MOTION TO TRANSFER VENUE**

**I.   INTRODUCTION**

As to the specific issues addressed in Defendant's motion to dismiss, these issues are addressed herein below.

**II.  FACTS**

The plaintiff in this matter is Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, a corporation with principal place of business being located at 501-07 South 12th Street, Philadelphia, PA  19147.  Defendant Skilstaf, Inc. is an Alabama corporation and insurance provider/plan administrator with its

headquarters and principal place of business located at P.O. Box 729, Alexander City, AL 35011. Additionally, defendant is registered as a foreign business in the Commonwealth of Pennsylvania.

This matter commenced in October, 2005 in Philadelphia County, PA and was removed to this Court on or about November of 2005. This matter concerns plaintiff medical provider's allegations of non-payment of medical bills by defendant incurred by patient/insured Dennis Berry. Said patient/insured assigned his rights/benefits to plaintiff herein.

### III. ARGUMENT

#### A. Standard of Review

In determining whether a transfer of action would be for the convenience of parties and witnesses and in the interest of justice, a federal district court is vested with wide discretion. Plum Tree, Inc., v. Stockment, 488 F.2d 754 (3d Cir. 1973). When deciding whether to order a discretionary transfer, the Third Circuit requires this Court to consider the private and public interests protected by the language of § 1404(a). Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The private interests include: plaintiff's forum preference as manifested in his original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and

financial condition; the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of records, similarly limited to the extent that the files could not be produced in the alternative forum. Id. The public interests include: the enforceability of the judgement; practical considerations that could make the trial easy, expeditious or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public polices of the fora; and the familiarity of the trial judge with the applicable state law in a diversity case. Id. The burden of establishing the need for a transfer rests on the defendant. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

In ruling on defendant's motion to transfer, "the plaintiff's choice of venue should not be lightly disturbed." Jumara, 55 F.3d at 879. The issue of venue "must be approached with the broad Congressional policy favoring free access to federal courts in mind." Trustees of the Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. Ramchandani, 1999 U.S. Dist. LEXIS 3182, No. Civ. A. 98-6108, 1999 WL 179748 at *1 (E.D.Pa. Mar. 12, 1999) (Giles, C.J.) (quoting Turner v. CF & I Steel Corp., 510 F. Supp. 537, 542 (E.D.Pa. 1981)). The weight given to a plaintiff's choice of forum is even greater when the

plaintiff resides in the chosen forum. *See*, e.g. Trustees of the Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. Ramchandani, 1999 U.S. Dist. LEXIS 3182, No. Civ. A. 98-6108, 1999 WL 179748 at *1 (E.D.Pa. Mar. 12, 1999) (Giles, C.J.); DiMark Marketing, Inc. v. Louisiana Health Serv. and Indemnity Co., 913 F. Supp. 402, 408 (E.D.Pa. 1996).

In determining whether venue is proper, the Court is guided by the Third Circuit's ruling that a plaintiff's choice of forum is of paramount concern and should not be lightly disturbed. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d. Cir. 1970). While § 1404(a) "gives the district courts discretion to decide a motion to transfer based on an individualized, case-by-case consideration of convenience and fairness, such motions are not to be liberally granted." Dinterman v. Nationwide Mut. Ins. Co., 26 F. Supp. 2d 747, 749 (E.D. Pa. 1998). The burden of establishing the need for transfer rests with the defendant. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

Further, transfer of venue which merely shifts the inconvenience associated with choice of venue from defendants to plaintiff is insufficient to warrant a transfer of venue under 28 U.S.C. § 1404(a). Trustees of the Nat'l Elevator Indus. Pension v. Ramchandani, 1999 U.S. Dist. LEXIS 3182 (E.D. Pa. Mar. 12, 1999) (Giles, C.J.).

ERISA maintains a broad policy of providing "ready access to the Federal Courts." 29 U.S.C. § 1001(b); *see* Turner v. CF&I Steel Corp., 510 F. Supp. 537, 542 (E.D. Pa. 1981) (quoting Bonin v. Am. Airlines, Inc., 621 F.2d 635, 636, n.1 (5th Cir. 1980) ("A potential ERISA plaintiff is granted a wide choice of Federal court venue.")). Johnston v. Exelon Corp., 2005 U.S. Dist. LEXIS 4723; 35 Employee Benefits Cas. (BNA) 1634 (2005).

B. **Defendant has failed to sustain its burden of proof to support transfer of the instant matter to Alabama federal court**

Initially, Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), governs the determination of venue under the Act: Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

In the instant matter, plaintiff admits that the plan at issue herein is administered in Alabama. Plaintiff avers that the breaches can only be considered to have occurred in Philadelphia. This Court has stated, "The Third Circuit has provided no guidance for deciding where a breach of an ERISA plan takes place." Keating v. Whitmore Mfg. Co., 981 F. Supp. 890, 892 (E.D. Pa. 1997) (Van Antwerpen, J.) Johnston v. Exelon

Corp., 2005 U.S. Dist. LEXIS 4723; 35 Employee Benefits Cas. (BNA) 1634 (2005).

However, another district court has ruled in the exact scenario as follows, "In action brought by medical services provider as assignee of plan participant's benefits against out-of-state welfare benefit plan to enforce payments for services rendered, proper venue was found to be where alleged breach of contract occurred, namely, where medical services were rendered for which assignee was seeking reimbursement". Ingalls Memorial Hosp. v Northeastern Center, Inc.,(1991, ND Ill) 1991 US Dist LEXIS 1956.

Further, it cannot be disputed that defendant has registered as foreign business with the Pennsylvania Department of State. See Exhibit "A" attached hereto and made by reference a part hereof.

42 Pa.C.S. § 5301 reads in pertinent part:

(a) GENERAL RULE. --The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:
    (2) Corporations.—
        (i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth.

Personal jurisdiction by statutory authority attached to defendant herein upon registration of its foreign business in Pennsylvania, which preceded the filing of the instant Complaint.  Given same, it can only be concluded that defendant may be found in Pennsylvania for purposes of proper venue determination under ERISA.

As indicated by caselaw above, defendant bears the burden to establish the need for transfer.  Of course, plaintiff medical provider is a duly registered business concern in Eastern Pennsylvania and has filed the instant action in this jurisdiction.  All medical treatment rendered to patient/insured Dennis Berry was provided at plaintiff's offices in Philadelphia, PA.  All witnesses related to plaintiff hail from the Philadelphia area.  Patient/insured Dennis Berry hails from Clarksboro, NJ, less than twenty (20) miles from this District Court.  Plaintiff's and defendant's counsel are likewise located in Philadelphia, PA.  While defendant has long secured local counsel herein, transfer of venue to Alabama would visit a serious and significant economic hardship upon plaintiff to proceed with this matter in that jurisdiction.

As a final consideration, defendant makes much of the forum selection clause contained in the group health plan at issue here (Defendant's Exhibit "C").  As is obvious, plaintiff is not a party to said writing.  Further, patient/insured Dennis Berry

did not execute said document either.  Finally, this Court has stated with regard to forum selection clauses in contracts, "Where parties enter into a contract and merely consent to jurisdiction in a particular forum, they do not preclude the jurisdiction of other forums."  <u>Polsky v. Hall City Centre Associates Ltd. Partnership</u>, 1989 U.S. Dist. LEXIS 4942, 1989 WL 48109, at *3 (E.D.Pa. 1989).  *See* <u>Pep Boys-Manny, Moe & Jack v. American Waste Oil Servs. Corp.</u>, 1997 U.S. Dist. LEXIS 9089, 1997 WL 367048, at *7 (E.D.Pa. 1997) (forum selection clause consenting to jurisdiction in Pennsylvania did not provide exclusive jurisdiction).

While plaintiff avers that neither it nor patient/insured Dennis Berry consented to Alabama jurisdiction in this matter, the forum selection clause cited by defendant does not confer exclusive jurisdiction upon this matter in Alabama.

Finally, it is quite obvious that defendant would choose to defend this matter in its home jurisdiction of Alabama.  However, under the ERISA statute for determining venue and 29 U.S.C.S. §1404, defendant has failed to provide any factual basis for transfer other than as a means to shift inconvenience to plaintiff.  This is legally insufficient to support defendant's burden of proof.  As such, plaintiff submits that venue in the Eastern District of Pennsylvania is entirely appropriate in this matter.

## IV. <u>CONCLUSION</u>

In conclusion, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter the attached Order Denying Defendant's Motion to Transfer Venue.

_____  <u>REC6159</u>_____
Date          Robert E. Cole, Esquire
             Attorney for Plaintiff
             Atty. I.D. No. 73263
             437 Chestnut Street, Suite 218
             Philadelphia, PA  19106
             (215) 922-2050

**IN THE UNITED STATED DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ROBERT E. COLE                                    Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050
_____

OWEN J. ROGAL, D.D.S., P.C.           :
d/b/a THE PAIN CENTER

        Plaintiff                :

        V.                       :   NO. 05-6074

SKILSTAF, INC.                        :

        Defendant                :
_____

**CERTIFICATE OF SERVICE**

    Robert E. Cole, Esquire, attorney for plaintiff, hereby verifies that on the date below, he served upon Jeanne L. Bakker, Esquire, attorney for defendant above, a true and correct copy of the foregoing Reply to Motion to Transfer Venue and accompanying documents by first class mail, postage prepaid to the following address:

        Montgomery McCracken et al.
        123 South Broad Street
        Philadelphia, PA  19109


_____          REC6159_____
Date                      Robert E. Cole, Esquire
                          Attorney for Plaintiff
                          Atty. I.D. No. 73263
                          437 Chestnut Street, Suite 218
                          Philadelphia, PA  19106
                          (215) 922-2050