IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

ROBERT E. COLE  
ROBERT E. COLE, P.C.  
ATTORNEY I.D. NO. 73263  
437 CHESTNUT STREET, SUITE 218  
PHILADELPHIA, PA  19106  
(215) 922-2050  

Attorney For Plaintiff

_____

| | |
|---|---|
| OWEN J. ROGAL, D.D.S., P.C. : | |
| d/b/a THE PAIN CENTER | |
| 501-07 SOUTH 12TH STREET | |
| PHILADELPHIA, PA  19147 | |
| Plaintiff      : | |
| V.            : | NO. 3:06cv711-MHT |
| SKILSTAF, INC.    : | |
| P.O. BOX 729 | |
| ALEXANDER CITY, AL  35011 | |
| Defendant     : | |

_____

**ORDER**

AND NOW, this         day of                 , 2007, upon consideration of defendant's Motion for Summary Judgment and plaintiff's Reply thereto and the memorandum of law filed in support thereof, it is hereby **ORDERED and DECREED** that the Motion for Summary Judgment is **DENIED**.

BY THE COURT:

_____
                              J.

IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

ROBERT E. COLE                                     Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050

---

OWEN J. ROGAL, D.D.S., P.C.                :
d/b/a THE PAIN CENTER
501-07 SOUTH 12TH STREET
PHILADELPHIA, PA  19147

      Plaintiff                          :

      V.                                 :   NO. 3:06cv711-MHT

SKILSTAF, INC.                             :
P.O. BOX 729
ALEXANDER CITY, AL  35011

      Defendant                          :

---

**PLAINTIFF OWEN J. ROGAL, D.D.S., P.C.'S REPLY IN OPPOSITION TO
DEFENDANT SKILSTAF, INC.'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, by and through its undersigned counsel, does hereby respond to defendant's Motion and avers as follows:

1. The plaintiff in this matter is Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, a corporation with principal place of business being located at 501-07 South 12th Street, Philadelphia, PA  19147.

2.  Defendant Skilstaf, Inc. is an Alabama corporation and insurance provider/plan administrator with its headquarters and principal place of business located at P.O. Box 729, Alexander City, AL  35011.

3.  This matter commenced in October, 2005 in Philadelphia County, PA and was removed to federal district court in Philadelphia, PA on or about November of 2005.

4.  This matter was transferred from federal district court in Philadelphia, PA to the instant venue on or about June 26, 2006.

5.  This matter concerns plaintiff medical provider's allegations of non-payment of medical bills by defendant incurred by patient/insured Dennis Berry.

6.  Dennis Berry executed an assignment of rights to plaintiff.

7.  Defendant filed the instant Motion for Summary Judgment upon grounds of plan interpretation and failure to exhaust administrative remedies.

8.  Dennis Berry sought treatment with plaintiff from August 6, 2004 through August 19, 2005 due to symptomology he indicated he sustained in a work-place incident of September 26, 2003.

9. Dennis Berry received radio-frequency surgical treatment and related on the dates aforesaid. See Exhibit "A" attached hereto and made by reference a part hereof, literature and peer review article on said treatment.

10. Medical bills for treatment rendered by plaintiff to Dennis Berry total $369,390.00.

11. Workers' compensation carrier for Dennis Berry's employer, Newspaper Processing, as of September 26, 2003 was CSC Claim Company, 2995 L.B.J. Freeway, #121, Dallas, TX 75234.

12. Group health plan sponsor for Dennis Berry's employee welfare benefit plan is defendant herein.

13. Plaintiff submitted bills for treatment rendered to Dennis Berry to CSC Claim Company.

14. All bills submitted by plaintiff to CSC Claim Company were denied due to plaintiff's medical personnel not being on the TWCC approved provider list as required. See Exhibit "B" attached hereto and made by reference a part hereof, copies of all said denial of benefits that plaintiff has in its possession. See further Exhibit "C", attached hereto and made by reference a part hereof, applicable Texas statute Tex. Lab. Code § 408.023, workers' compensation list of approved doctors law.

15. Plaintiff subsequently forwarded bills for medical services provided to Dennis Berry to defendant herein. Bills were denied pursuant to contract interpretation that same were payable under workers' compensation law.

16. By correspondence of January 17, 2005, a copy of which is attached as Exhibit "D" (w/o enclosures) and made by reference a part hereof, plaintiff requested review of said determination.

17. By correspondence of May 20, 2005, a copy of which is attached as Exhibit "E" (w/o enclosures) and made by reference a part hereof, and likewise attached to defendant's Motion as Exhibit "B", plaintiff through counsel again requested review of said determination. Specifically therein, plaintiff's counsel requested, *"As such, kindly review your determination of non-payment and process the outstanding bills at your earliest convenience."* (Emphasis added).

18. Plaintiff did not request review/appeal further as it was apparent to plaintiff and counsel that any further efforts would be futile.

19. Defendant's plan administrator has been afforded discretion to interpret provisions of the Plan and the Plan is self-insured with the plan sponsor making contributions to the plan based upon determination of the amounts necessary to timely

pay benefits and expenses. As such, the administrator operates under a conflict of interest.

20. Herein, the heightened arbitrary-and-capricious standard of review applies to the administrator's interpretation of the plan where the plan affords the administrator discretion and the administrator has a conflict of interest. <u>Brown v. Blue Cross & Blue Shield of Ala., Inc.</u>, 898 F.2d 1556 (1990).

21. Defendant's plan interpretation that medical bills for treatment rendered to Dennis Berry by plaintiff were excluded due to being payable by workers' compensation insurance was in error.

22. Medical bills for treatment rendered to Dennis Berry by plaintiff were in fact not payable by the appropriate workers' compensation carrier according to Tex. Lab. Code § 408.023.

23. Defendant's group health plan contains conflicting provisions with regard to payment of medical benefits in situations where workers' compensation coverage may be present. See defendant's Exhibit "A", Section 15, Workers Compensation. Therein, said plan indicates, "This plan will apply its rights of subrogation and reimbursement with respect to work related injuries or sickness even though benefits are in dispute or are made by means of settlement or compromise..." The said section conflicts entirely with Section 9, paragraph 16 quoted by

defendant in its Motion, and as such the discrepancy should be regarded to defendant's disfavor.

24.  Plaintiff has exhausted all administrative remedies prior to filing the instant matter.

25.  Defendant has incorrectly determined that benefits are excluded in the instant matter.

WHEREFORE, plaintiff respectfully requests that this court deny defendant's Motion for Summary Judgment.

s/ Robert E. Cole_____
Robert E. Cole, Esquire
Attorney for Plaintiff
Atty. I.D. No. 73263
437 Chestnut Street, Suite 218
Philadelphia, PA  19106
(215) 922-2050
recoleesq6@juno.com
