# LexisNexis™ Academic

TEXAS STATUTES AND CODES ANNOTATED BY LEXISNEXIS(R)

\*\*\* This document is current through the 2006 3rd Called Session \*\*\*
\*\*\* Annotations current through Jan. 2, 2007 \*\*\*

LABOR CODE
TITLE 5. **WORKERS' COMPENSATION**
SUBTITLE A. TEXAS **WORKERS' COMPENSATION** ACT
CHAPTER 408. **WORKERS' COMPENSATION** BENEFITS
SUBCHAPTER B. MEDICAL BENEFITS

**GO TO TEXAS CODE ARCHIVE DIRECTORY**

Tex. Lab. Code § 408.023  (2006)

§ 408.023. List of **Approved** Doctors; Duties of Treating Doctors

   (a) The division shall develop a list of doctors licensed in this state who are **approved** to provide health care services under this subtitle. A doctor is eligible to be included on the division's list of **approved** doctors if the doctor:

   (1) registers with the division in the manner prescribed by commissioner rules; and

   (2) complies with the requirements adopted by the commissioner under this section.

   (b) The commissioner by rule shall establish reasonable requirements for training for doctors as a prerequisite for inclusion on the list. Except as otherwise provided by this section, the requirements adopted under this subsection apply to doctors and other health care **providers** who:

   (1) provide health care services as treating doctors;

   (2) provide health care services as authorized by this chapter;

   (3) perform medical peer review under this subtitle;

   (4) perform utilization review of medical benefits provided under this subtitle; or

   (5) provide health care services on referral from a treating doctor, as provided by commissioner rule.

   (c) The division shall issue to a doctor who is **approved** by the commissioner a certificate of



registration. In determining whether to issue a certificate of registration, the commissioner may consider and condition approval on any practice restrictions applicable to the applicant that are relevant to services provided under this subtitle. The commissioner may also consider the practice restrictions of an applicant when determining appropriate sanctions under Section 408.0231.

(d) A certificate of registration issued under this section is valid, unless revoked, suspended, or revised, for the period provided by commissioner rule and may be renewed on application to the division. The division shall provide notice to each doctor on the **approved** doctor list of the pending expiration of the doctor's certificate of registration not later than the 60th day before the date of expiration of the certificate.

(e) Notwithstanding other provisions of this section, a doctor not licensed in this state but licensed in another state or jurisdiction who treats employees or performs utilization review of health care for an insurance carrier may apply for a certificate of registration under this section to be included on the division's list of **approved** doctors.

(f) Except in an emergency or for immediate post-injury medical care as defined by commissioner rule, or as provided by Subsection (h), (i), or (j), each doctor who performs functions under this subtitle, including examinations under this chapter, must hold a certificate of registration and be on the division's list of **approved** doctors in order to perform services or receive payment for those services.

(g) The commissioner by rule shall modify registration and training requirements for doctors who infrequently provide health care or who perform utilization review or peer review functions for insurance carriers as necessary to ensure that those doctors are informed of the regulations that affect health care benefit delivery under this subtitle.

(h) Notwithstanding Section 4(h), Article 21.58A, Insurance Code, a utilization review agent that uses doctors to perform reviews of health care services provided under this subtitle may use doctors licensed by another state to perform the reviews, but the reviews must be performed under the direction of a doctor licensed to practice in this state.

(i) The commissioner may grant exceptions to the requirement imposed under Subsection (f) as necessary to ensure that:

(1) employees have access to health care; and

(2) insurance carriers have access to evaluations of an employee's health care and income benefit eligibility as provided by this subtitle.

(j) A doctor who contracts with a **workers' compensation** health care network certified under Chapter 1305, Insurance Code, is not subject to the registration requirements of Subsections (a)-(i) for the purpose of providing health care services under that network contract. The doctor is subject to the requirements of Subsections (l)-(p), and Subsection (q) applies to health care services and functions provided by a doctor who contracts with a certified **workers' compensation** health care network.

(k) The requirements of Subsections (a)-(g) and Subsection (i) expire September 1, 2007. Before that date, the commissioner may waive the application of the provisions of Subsections (a)-(g) and Subsection (i) that require doctors to hold a certificate of registration and to be on the list of **approved** doctors if the commissioner determines that:

(1) injured employees have adequate access to health care **providers** who are willing to treat injured employees for compensable injuries through **workers' compensation** health care networks certified under Chapter 1305, Insurance Code; or

(2) injured employees who are not covered by a **workers' compensation** health care network certified under Chapter 1305, Insurance Code, do not have adequate access to health care **providers** who are willing to treat injured employees for compensable injuries.

(l) The injured employee's treating doctor is responsible for the efficient management of medical care as required by Section 408.025(c) and commissioner rules. The division shall collect information regarding:

(1) return-to-work outcomes;

(2) patient satisfaction; and

(3) cost and utilization of health care provided or authorized by a treating doctor on the list of **approved** doctors.

(m) The commissioner may adopt rules to define the role of the treating doctor and to specify outcome information to be collected for a treating doctor.

(n) The commissioner by rule shall establish reasonable requirements for doctors, and health care **providers** financially related to those doctors, regarding training, impairment rating testing, and disclosure of financial interests as required by Section 413.041, and for monitoring of those doctors and health care **providers** as provided by Sections 408.0231, 413.0511, and 413.0512.

(o) A doctor, including a doctor who contracts with a **workers' compensation** health care network, shall:

(1) comply with the requirements established by commissioner rule under Subsections (l) and (m) and with Section 413.041 regarding the disclosure of financial interests; and

(2) if the doctor intends to provide certifications of maximum medical improvement or assign impairment ratings, comply with the impairment rating training and testing requirements established by commissioner rule under Subsection (n).

(p) A person required to comply with Subsection (o), including a doctor who contracts with a **workers' compensation** health care network, who does not comply with that section commits an administrative violation.

(q) An insurance carrier may not use, for the purpose of suspending temporary income benefits or computing impairment income benefits, a certification of maximum medical improvement or an impairment rating assigned by a doctor, including a doctor who contracts with a **workers' compensation** health care network certified under Chapter 1305, Insurance Code, who fails to comply with Subsection (o)(2).

(r) Notwithstanding the waiver or expiration of Subsections (a)-(g) and (i), there may be no direct or indirect provision of health care under this subtitle and rules adopted under this subtitle, and no direct or indirect receipt of remuneration under this subtitle and rules adopted under this subtitle by a doctor who:

(1) before September 1, 2007:

(A) was removed or deleted from the list of **approved** doctors either by action of the Texas **Workers' Compensation** Commission or the division or by agreement with the doctor;

(B) was not admitted to the list of **approved** doctors either by action of the Texas **Workers' Compensation** Commission or the division or by agreement with the doctor;

(C) was suspended from the list of **approved** doctors either by action of the Texas **Workers' Compensation** Commission or the division or by agreement with the doctor; or

(D) had the doctor's license to practice suspended by the appropriate licensing agency, including a suspension that was stayed, deferred, or probated, or voluntarily relinquished the license to practice; and

(2) was not reinstated or restored by the Texas **Workers' Compensation** Commission or the division to the list of **approved** doctors before September 1, 2007.

(s) The waiver or expiration of Subsections (a)-(g) and (i) do not limit the division's ability to impose sanctions as provided by this subtitle and commissioner rules.

**NOTES:**

DISPOSITION OF CIVIL STATUTES

See the note following the text of Texas Labor Code section 1.001.

**HISTORY:** Stats. 1995 74th Leg. Sess. Ch. 980; Stats. 2001 77th Leg. Sess. Ch. 1456, effective June 17, 2001; Stats. 2005 79th Leg. Sess., Ch. 265 (H.B. 7), § 3.083, effective September 1, 2005.

**NOTES:**

2001 Note: (a) The Texas **Workers' Compensation** Commission shall adopt rules as required by Chapter 408, Labor Code, as amended by this article, not later than February 1, 2002.
(b) A doctor is not required to hold a certificate of registration issued under Section 408.023, Labor Code, as amended by this article, to perform medical services under Subtitle A, Title 5, Labor Code, before the date provided by commission rules adopted to implement that section. Stats. 2001 77th Leg. Sess. Ch. 1456 § 1.03.
2005 amendment, throughout the section, substituted "division" and "commissioner" for "commission"; in (a), substituted "A doctor is eligible" for "Each doctor licensed in this state on September 1, 2001, is eligible"; in (b), rewrote the first sentence, which pertained to requirements for

training, impairment rating testing, and disclosure of financial interests under Section 413.041, and the monitoring of doctors and health care **providers,** added "adopted" after the second occurrence of "requirements," and deleted the second sentence, which pertained to the commission providing reasonable time for doctor compliance with registration and training requirements; in (f), added "division's" before "list"; in (g), deleted "or who participate in regional networks established under this subchapter" from the end; and added (j), (k), and (n)-(s), and made related changes.

LexisNexis (R) Notes:
CASE NOTES
TREATISES AND ANALYTICAL MATERIALS

CASE NOTES

1. Osteopathic doctor, who was placed on probation staying a license suspension, was not denied due process when a state **workers compensation** commission denied his application for admission to the **approved** doctor list under Tex. Labor Code Ann. § 408.023 because mandatory exclusion upon suspension was not arbitrary and due process did not require useless hearing where he was not denied the right to practice his profession and was only denied the right to have the state pay for his practice. Weldon v. Tex. Workers' Comp. Comm'n, 2005 U.S. Dist. LEXIS 31541 (N.D. Tex. Dec. 6 2005).

2. Osteopathic doctor, who was placed on probation staying a license suspension, was not denied due process when a state **workers compensation** commission denied his application for admission to the **approved** doctor list under Tex. Labor Code Ann. § 408.023 because mandatory exclusion upon suspension was not arbitrary and due process did not require useless hearing where he was not denied the right to practice his profession and was only denied the right to have the state pay for his practice. Weldon v. Tex. Workers' Comp. Comm'n, 2005 U.S. Dist. LEXIS 31541 (N.D. Tex. Dec. 6 2005).

3. Trial court erred in granting a worker's request for a temporary injunction requiring the Texas **Workers' Compensation** Commission (TWCC) to reinstate a doctor to its list of **approved** physicians; the TWCC, which has discretionary authority under Tex. Lab. Code Ann. § 408.023 to create a list of **approved** physicians, was immune from suit because it acted within its discretionary authority under Tex. Lab. Code Ann. § 408.0231 in removing the doctor. Tex. Workers' Comp. Comm'n v. Horton, 187 S.W.3d 282, 2006 Tex. App. LEXIS 1843 (Tex. App. Beaumont 2006).

4. Osteopathic doctor, who was placed on probation staying a license suspension, was not denied due process when a state **workers compensation** commission denied his application for admission to the **approved** doctor list under Tex. Labor Code Ann. § 408.023 because mandatory exclusion upon suspension was not arbitrary and due process did not require useless hearing where he was not denied the right to practice his profession and was only denied the right to have the state pay for his practice. Weldon v. Tex. Workers' Comp. Comm'n, 2005 U.S. Dist. LEXIS 31541 (N.D. Tex. Dec. 6 2005).

5. In an insurance action, an insurance carrier was not required under the settlement agreement it had with a worker to pay medical expenses that the worker incurred while visiting doctors he was referred to by doctors who were authorized in the settlement agreement. Moore v. Lumbermen's Mut. Cas. Co., 533 S.W.2d 171, 1976 Tex. App. LEXIS 2469 (Tex. Civ. App. Amarillo 1976).

TREATISES AND ANALYTICAL MATERIALS

1. 21-340 Dorsaneo, Texas Litigation Guide § 340.202, Pleadings in Personal Injury Litigation (Chs. 290-351), Insurance Litigation (Chs. 340-345), Texas Statutes and Rules, Dorsaneo, Texas Litigation Guide.

2. 75 Tex Jur **WORKERS' COMPENSATION** § 355, Texas Jurisprudence, Third Edition, **Workers' Compensation,** § 355 Selection of health care **provider,** Copyright 2003 West Group.

FAX NO. :2159231012          Dec. 03 2005 03:45PM  P1

RADIOFREQUENCY
SURGERY

**THE PAIN CENTER**
*is a multi-disciplinary facility
of pain specialists, including the fields of
anesthesiology, neurology, ENT, physical medicine,
clinical neuro-electrophysiology, neuropsychology
and musculoskeletal manipulation.*

# THE PAIN CENTER

1/17/05

Skill Staf
Po Box 729
Alexander City, AL 35011

Re: Dennis Berry
ID# 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
DOA: 9/26/03
Injured at work-DENIED MEDICAL PAYMENT

ENCLOSED PLEASE FIND AL... DATES OF SERVICE FOR OUR PATIENT DENNIS BERRY.

WORKERS COMP. WAS BILLED FOR MEDICAL TREATMENT, ACCIDENT RELATED.

<u>PAYMENT WAS DENIED. DENIALS ARE ATTACHED FOR EACH SEPERATE DATE OF SERVICE TO SHOW THAT EACH DATE OF SERIVCE WAS CONSIDERED BY THE WC CARRIER, BEFORE SENDING THEM TO YOU, DENNIS'S SECONDARY CARRIER.</u>

ASSIGNEMENT OF BENEFIT IS ATTACHED, PAYMENT SHOULD BE SENT DIRECTLY TO OUR OFFICE AT 501-507 SOUTH 12TH STREET, PHILADELPHIA PA 19147

TO RECAP, YOU ARE SECONDARY TO A WC CARRIER WHO HAS DENIED PAYMENT, PROOF OF DENIAL ARE ATTACHED TO EACH DATE OF SERVICE ENCLOSED.

PLEASE PAY ALL ENCLOSED. IF YOU HAVE ANY QUESTIONS, FEEL FREE TO CONTACT ME AT 215-545-2104.

Thank you,


Kim R. deOliveira
KRD Management Corp., INC


PLAINTIFF'S EXHIBIT D

501-507 SOUTH 12th STREET • PHILADELPHIA, PA 19147 • (215) 546-PAIN

# ROBERT E. COLE, P.C.

## LAW OFFICES

**ROSS HOUSE OFFICES**
401 SOUTH 2ND STREET, SUITE 301
PHILADELPHIA, PENNSYLVANIA 19147

TELEPHONE (215) 922-2050
FACSIMILE (215) 922-2006

May 20, 2005

SkilStaf, Inc.
P.O. Box 729
Alexander City, AL  35011
ATTN: Toni Spivey

RE:  INSURED:    DENNIS BERRY
     SS NO.      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
     D/S:        8/04 TO PRESENT
     OUR CLIENT: THE PAIN CENTER

Dear Mrs. Spivey:

As you are aware, our office represents The Pain Center with regard to medical bills incurred by above named patient. Thank you for your correspondence of April 19, 2005 wherein you forwarded copy of the above insured's insurance policy/contract.

While I am quite certain that the language you quoted in Mr. Berry's health insurance contract regarding limitations/exclusions on medical benefits is void as against public policy in Pennsylvania courts, that issue need not even be discussed. Please find enclosed representative sample of denials by workers' compensation carrier. As you should know, said carrier has denied payment for all of Mr. Berry's medical bills relative to The Pain Center. As such, kindly review your determination of non-payment and process the outstanding bills at your earliest convenience.

I look forward to hearing from you regarding this matter within fourteen (14) days. Thank you for your consideration.

Very truly yours,

Robert E. Cole

REC:gk
Enclosures
cc: The Pain Center


PLAINTIFF'S EXHIBIT E

**ROBERT E. COLE**
Attorney At Law