# UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

April 26, 2007

# NOTICE OF CORRECTION

FROM:      Clerk's Office

Case Style:  Owens J. Rogal v. Skilstaff, Inc.

Case No.:    3:06cv711-MHT
              Documents 41 and 42

This Notice of Correction was filed in the referenced case this date to enter the corrected signature pages into the record for these two documents.

### IN THE UNITED STATED DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA

ROBERT E. COLE                                    Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050

---

OWEN J. ROGAL, D.D.S., P.C.              :
d/b/a THE PAIN CENTER
501-07 SOUTH 12TH STREET
PHILADELPHIA, PA  19147

         Plaintiff                     :

         V.                            :     NO. 3:06cv711-MHT

SKILSTAF, INC.                           :
P.O. BOX 729
ALEXANDER CITY, AL  35011

         Defendant                     :

---

### PLAINTIFF OWEN J. ROGAL, D.D.S., P.C.'S REPLY IN OPPOSITION TO DEFENDANT SKILSTAF, INC.'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, by and through its undersigned counsel, does hereby respond to defendant's Motion and avers as follows:

1.    The plaintiff in this matter is Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, a corporation with principal place of business being located at 501-07 South 12th Street, Philadelphia, PA  19147.

2.    Defendant Skilstaf, Inc. is an Alabama corporation and insurance provider/plan administrator with its headquarters and principal place of business located at P.O. Box 729, Alexander City, AL  35011.

3.    This matter commenced in October, 2005 in Philadelphia County, PA and was removed to federal district court in Philadelphia, PA on or about November of 2005.

4.    This matter was transferred from federal district court in Philadelphia, PA to the instant venue on or about June 26, 2006.

5.    This matter concerns plaintiff medical provider's allegations of non-payment of medical bills by defendant incurred by patient/insured Dennis Berry.

6.    Dennis Berry executed an assignment of rights to plaintiff.

7.    Defendant filed the instant Motion for Summary Judgment upon grounds of plan interpretation and failure to exhaust administrative remedies.

8.    Dennis Berry sought treatment with plaintiff from August 6, 2004 through August 19, 2005 due to symptomology he indicated he sustained in a work-place incident of September 26, 2003.

9.    Dennis Berry received radio-frequency surgical treatment and related on the dates aforesaid.  See Exhibit "A" attached hereto and made by reference a part hereof, literature and peer review article on said treatment.

10.    Medical bills for treatment rendered by plaintiff to Dennis Berry total $369,390.00.

11.    Workers' compensation carrier for Dennis Berry's employer, Newspaper Processing, as of September 26, 2003 was CSC Claim Company, 2995 L.B.J. Freeway, #121, Dallas, TX  75234.

12.    Group health plan sponsor for Dennis Berry's employee welfare benefit plan is defendant herein.

13.    Plaintiff submitted bills for treatment rendered to Dennis Berry to CSC Claim Company.

14.    All bills submitted by plaintiff to CSC Claim Company were denied due to plaintiff's medical personnel not being on the TWCC approved provider list as required.  See Exhibit "B" attached hereto and made by reference a part hereof, copies of all said denial of benefits that plaintiff has in its possession.  See further Exhibit "C", attached hereto and made by reference a part hereof, applicable Texas statute Tex. Lab. Code § 408.023, workers' compensation list of approved doctors law.

15.    Plaintiff subsequently forwarded bills for medical services provided to Dennis Berry to defendant herein.  Bills were denied pursuant to contract interpretation that same were payable under workers' compensation law.

16.    By correspondence of January 17, 2005, a copy of which is attached as Exhibit "D" (w/o enclosures) and made by reference a part hereof, plaintiff requested review of said determination.

17.    By correspondence of May 20, 2005, a copy of which is attached as Exhibit "E" (w/o enclosures) and made by reference a part hereof, and likewise attached to defendant's Motion as Exhibit "B", plaintiff through counsel again requested review of said determination.  Specifically therein, plaintiff's counsel requested, *"As such, kindly review your determination of non-payment and process the outstanding bills at your earliest convenience."* (Emphasis added).

18.    Plaintiff did not request review/appeal further as it was apparent to plaintiff and counsel that any further efforts would be futile.

19.    Defendant's plan administrator has been afforded discretion to interpret provisions of the Plan and the Plan is self-insured with the plan sponsor making contributions to the plan based upon determination of the amounts necessary to timely

pay benefits and expenses.  As such, the administrator operates under a conflict of interest.

20.    Herein, the heightened arbitrary-and-capricious standard of review applies to the administrator's interpretation of the plan where the plan affords the administrator discretion and the administrator has a conflict of interest.  Brown v. Blue Cross & Blue Shield of Ala., Inc.,  898 F.2d 1556 (1990).

21.    Defendant's plan interpretation that medical bills for treatment rendered to Dennis Berry by plaintiff were excluded due to being payable by workers' compensation insurance was in error.

22.    Medical bills for treatment rendered to Dennis Berry by plaintiff were in fact not payable by the appropriate workers' compensation carrier according to Tex. Lab. Code § 408.023.

23.    Defendant's group health plan contains conflicting provisions with regard to payment of medical benefits in situations where workers' compensation coverage may be present. See defendant's Exhibit "A", Section 15, Workers Compensation. Therein, said plan indicates, "This plan will apply its rights of subrogation and reimbursement with respect to work related injuries or sickness even though benefits are in dispute or are made by means of settlement or compromise..."  The said section conflicts entirely with Section 9, paragraph 16 quoted by

defendant in its Motion, and as such the discrepancy should be regarded to defendant's disfavor.

    24.    Plaintiff has exhausted all administrative remedies prior to filing the instant matter.

    25.    Defendant has incorrectly determined that benefits are excluded in the instant matter.

    WHEREFORE, plaintiff respectfully requests that this court deny defendant's Motion for Summary Judgment.

s/ Robert E. Cole_____
Robert E. Cole, Esquire
Attorney for Plaintiff
Atty. I.D. No. 73263
437 Chestnut Street, Suite 218
Philadelphia, PA  19106
(215) 922-2050
recoleesq6@juno.com

IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

ROBERT E. COLE                              Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050

_____

OWEN J. ROGAL, D.D.S., P.C.          :
d/b/a THE PAIN CENTER
501-07 SOUTH 12TH STREET
PHILADELPHIA, PA  19147

              Plaintiff             :

              V.                    :    NO. 3:06cv711-MHT

SKILSTAF, INC.                      :
P.O. BOX 729
ALEXANDER CITY, AL  35011

              Defendant             :

_____

**PLAINTIFF OWEN J. ROGAL, D.D.S., P.C.'S BRIEF IN OPPOSITION TO
DEFENDANT SKILSTAF, INC.'S MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . .3

    A.    COUNTER-STATEMENT OF UNDISPUTED FACTS. . . . . . . .3

    B.    STATEMENT OF DISPUTED FACTS. . . . . . . . . . . .3

II.  JUDICIAL STANDARD OF REVIEW. . . . . . . . . . . . . . . 4

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . 6

### A.

**WHEN DEFENDANT HAS IDENTIFIED THE INCORRECT STANDARD OF REVIEW REGARDING AN ADMINISTRATOR'S INTERPRETATION OF AN ERISA PLAN AND WHEN THE PLAN INTERPRETATION IS INCORRECT NO MATTER WHAT STANDARD IS APPLIED, HAS DEFENDANT SUSTAINED ITS BURDEN TO SUPPORT SUMMARY JUDGMENT IN ITS FAVOR?**

**(ANSWERED IN THE NEGATIVE BELOW)**

### B.

**WHEN DEFENDANT ARGUES THAT PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES AND YET CURIOUSLY ATTACHES DOCUMENTATION FROM PLAINTIFF THAT SHOWS PLAINTIFF DID EXACTLY THAT, HAS DEFENDANT SUSTAINED ITS BURDEN TO SUPPORT SUMMARY JUDGMENT IN ITS FAVOR?**

**(ANSWERED IN THE NEGATIVE BELOW)**

IV.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . .14

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . 15

2

## I.    **INTRODUCTION**

The plaintiff in this matter is Owen J. Rogal, D.D.S.,
P.C., d/b/a The Pain Center, a corporation with principal place
of business being located at 501-07 South 12th Street,
Philadelphia, PA  19147.  Defendant Skilstaf, Inc. is an Alabama
corporation and insurance provider/plan administrator with its
headquarters and principal place of business located at P.O. Box
729, Alexander City, AL  35011.

This matter commenced in October, 2005 in Philadelphia
County, PA and was removed to federal court for the eastern
district of Pennsylvania on or about November of 2005.  This
matter was transferred to the present venue by the Court on June
26, 2006.  This matter concerns plaintiff medical provider's
allegations of non-payment of medical bills by defendant
incurred by patient/insured Dennis Berry.  Mr. Berry executed an
assignment of rights to plaintiff which has been reproduced in
defendant's Exhibit 3 to its motion.

### A.    *COUNTER STATEMENT OF UNDISPUTED FACTS*

Plaintiff incorporates its Reply in Opposition to
Motion for Summary Judgment herein.

### B.    *STATEMENT OF DISPUTED FACTS*

1.    Defendant's plan administrator is vested with
discretionary authority with regard to plan interpretation and
construction.

3

2.    Defendant's plan is funded based upon determination of amounts necessary to timely pay benefits and expenses; as such, the plan sponsor is directly interested in payments made from the plan.

3.    As the plan affords the administrator discretion and the administrator has a conflict of interest, the Eleventh Circuit has held that a heightened arbitrary-and-capricious standard of review applies to the plan administrator's interpretation of the plan.  Brown v. Blue Cross & Blue Shield of Ala., Inc., 898 F.2d 1556 (1990).

4.    According to the plan, medical benefits must be payable under workers' compensation law in order to be excluded by the instant plan.

5.    In the instant matter, bills for plaintiff's medical treatment rendered to Dennis Berry were not payable and in fact not paid under the applicable workers' compensation law.

6.    Section 15 (Workers' Compensation) of the instant plan directly conflicts with Section 9, paragraph 16 of the plan utilized by defendant to avoid payment of medical bills herein. Any ambiguity therein must be resolved contra defendant.

7.    Defendant has attached to its motion written documentation of plaintiff's request for review of denial of benefits (see defendant's Exhibit "B") and yet has likewise attached affidavit from defendant's administrator that plaintiff failed to request review.  These actions are incongruous, to state the least.

8.    Plaintiff has exhausted administrative remedies in its two (2) requests for review/appeal of denial of benefits. Any further attempt by plaintiff in this regard can only be considered superfluous, futile and pointless.

## II.  **STANDARD OF REVIEW**

### **Standard of Review under Rule 56**

Under Fed. R. Civ. P. 56(c), summary judgment is

proper "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the

4

affidavits, if any, show that there is no genuine issue as to
any material fact and that the moving party is entitled to a
judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S.
317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). The party
asking for summary judgment "always bears the initial
responsibility of informing the district court of the basis for
its motion, and identifying those portions of the 'pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any,' which it believes
demonstrate the absence of a genuine issue of material fact."
Id. at 323. The movant can meet this burden by presenting
evidence showing there is no dispute of material fact, or by
showing the nonmoving party has failed to present evidence in
support of some element of its case on which it bears the
ultimate burden of proof. Id. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires
the nonmoving party to go beyond the pleadings and by [its] own
affidavits, or by the 'depositions, answers to interrogatories,
and admissions on file,' designate 'specific facts showing that
there is a genuine issue for trial.'" Id. at 324. To avoid
summary judgment, the nonmoving party "must do more than show
that there is some metaphysical doubt as to the material facts."
Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). On the other

hand, the evidence of the nonmovant must be believed and all
justifiable inferences must be drawn in its favor. Anderson v.
Liberty Lobby, 477 U.S. 242, 255, 91 L. Ed. 2d 202, 106 S. Ct.
2505 (1986).

## III. ARGUMENT

### A. Defendant has identified the incorrect legal standard in its denial of medical benefits/plan interpretation by fiduciary operating under conflict of interest

This Court has stated:

The Eleventh Circuit has held that a heightened arbitrary-
and-capricious standard of review applies to the plan
administrator's interpretation of the plan where the plan
affords the administrator discretion and the administrator
has a conflict of interest. *See* 898 F.2d at 1566-67. "[A]
fiduciary operating under a conflict of interest may be
entitled to review by the arbitrary and capricious standard
for its discretionary decisions as provided in the ERISA
plan documents, but the degree of deference actually
exercised in application of the standard will be
significantly diminished." Id. at 1568. The Brown court
reasoned that, "when an insurance company serves as ERISA
fiduciary to a plan composed solely of a policy or contract
issued by that company, it is exercising discretion over a
situation for which it incurs 'direct, immediate expense as
a result of benefit determinations favorable to plan
participants.'" Id. at 1561 (quoting De Nobel v. Vitro
Corp., 885 F.2d 1180, 1191 (4th Cir. 1989)).
The Eleventh Circuit applies a burden-shifting analysis
under the heightened arbitrary-and-capricious standard
applicable to the plan administrator's interpretation of a
plan. *See* Brown, 898 F.2d at 1566-67; Sahlie v. Nolen, 984
F. Supp. 1389, 1400 (M.D. Ala. 1997) (Thompson, C.J.).
Under this approach, the court first must determine whether
the interpretation of the plan proffered by the claimant is
reasonable. *See* Florence Nightingale Nursing Serv., Inc.
v. Blue Cross/Blue Shield of Ala., 41 F.3d 1476, 1481 (11th
Cir. 1995), cert. denied, 514 U.S. 1128, 115 S. Ct. 2002,
131 L. Ed. 2d 1003 (1995); Sahlie, 984 F. Supp. at 1400-01.
If it determines that the claimant's interpretation is
reasonable, the court applies the principle of contra

6

proferentem, n84 construing ambiguities in the facts against the plan administrator, to find that the administrator's interpretation of the plan is wrong. *See* Florence Nightingale, 41 F.3d at 1481; Sahlie, 984 F. Supp. at 1401. Next, the court determines whether the plan administrator was arbitrary and capricious in adopting its incorrect interpretation. *See* Sahlie, 984 F. Supp. at 1401. In so doing, the court places the burden upon the administrator to establish that its action was not tainted by self-interest. *See* Florence Nightingale, 41 F.3d at 1481; Sahlie, 984 F. Supp. at 1401. Even a reasonable interpretation will be found arbitrary and capricious unless the administrator can demonstrate that its decision was not motivated by self-interest. *See* Brown, 898 F.2d 1556 at 1566-67; Sahlie, 984 F. Supp. at 1401. Finally, if the administrator does manage to carry this burden, the claimant may still succeed if the administrator's action was arbitrary and capricious by other measures. *See* Brown, 898 F.2d at 1568; Sahlie, 984 F. Supp. at 1401.
n84 "Contra proferentem" is a term "used in connection with the construction of written documents to the effect that an ambiguous provision is construed most strongly against the person who selected the language." Black's Law Dictionary 327 (6th ed. 1990) (citing United States v. Seckinger, 397 U.S. 203, 216, 90 S. Ct. 880, 887-88, 25 L. Ed. 2d 224 (1970)).

Lake v. UNUM Life Ins. Co. of Amer., 50 F. Supp. 2d 1243 (1999).

Defendant has attached its group health plan as Exhibit "A" to its motion. Section 15 therein provides general information regarding the plan. Under TYPE OF PLAN, it states, "The plan is administered by the plan administrator, which exercises authority (1) to construe all of the terms, provisions, conditions, and limitations of the plan, including, but not limited to, any uncertain terms contained in the plan and (2) to make determinations regarding eligibility for benefits under the plan". See defendant's Exhibit A. Further, Section 14, (B)(6)

7

reads, "The plan administrator has full discretion to interpret the plan and to apply these claim review procedures". As such, the plan vests discretionary authority with the plan administrator.

Further, under FUNDING, the plan states, "Plan benefits are self-insured. *Based upon its determination of the amounts necessary to timely pay benefits and expenses, Skilstaf, Inc. shall make contributions to the plan.*" (emphasis added). See defendant's Exhibit A. The plan does not identify a trust or set-aside fund for payment of benefits. Rather, the plan bases its [self-insured] contributions on an ad-hoc basis. Plaintiff submits that this may only be seen as a conflict of interest as by plan directive the plan must determine funding based upon the volume and amount of claims at any given time. As such, plan determinations must be judicially reviewed within the heightened arbitrary-and-capricious standard of review as identified in Lake above.

## 1.    Defendant incorrectly interpreted the plan herein in its denial of benefits

Plaintiff does not dispute that defendant denied benefits under Section 9, paragraph 16 of the plan, which reads, "Charges for injury or sickness occurring during or arising from your performance of service in a covered business or industry or payable under workers' compensation or an occupational diseases

8

act or law". See defendant's Exhibit "A". However, plaintiff's bills for medical services rendered to Dennis Berry were denied per benefits officer Toni Spivey in April 19, 2005 correspondence as follows, "It is my understanding that the bills in question are the result of an alleged work-related injury or are otherwise subject to workers' compensation law". See defendant's Exhibit "B".

Plaintiff submits that a plain reading of the language of paragraph 16 under section 9 of the plan indicates that treatment rendered in connection with a workers' compensation injury must be *payable* in order for said section to be applicable. In fact, there are a plethora of instances, such as in the present matter, where an injured worker receives treatment that is not covered by workers' compensation law.

Herein, plaintiff billed its treatment of Dennis Berry to the responsible workers' compensation carrier, CSC Claim Company. Said carrier denied every bill submitted for payment. See plaintiff's Exhibit "B", attached hereto and made by reference a part hereof. Under Texas workers' compensation law, where Mr. Berry was employed and suffered injury on September 26, 2003, medical providers must be placed on an "approved list" before payment is required. See plaintiff's Exhibit "C", attached hereto and made by reference a part hereof, copy of applicable Texas workers' compensation law, Tex.Lab.Code §

408.023. As can be seen from plaintiff's Exhibit "B", CSC Claim Company denied all bills due to plaintiff's medical doctors not being on the TWCC (Texas Workers' Compensation Commission) approved provider list as required. Given same, it cannot be said that bills submitted by plaintiff were payable by the workers' compensation carrier. Therefore, defendant's reliance on the plan language memorialized in Section 9, paragraph 16 is misplaced and in error.

Additionally, defendant fails to regard additional language in the plan which contradicts Section 9, paragraph 16 above. Under Section 15, General Information, Workers' Compensation reads:

> This plan is not issued in lieu of, nor does it affect any requirement of, coverage under any Act or Law which provides benefits for any injury or sickness occurring during, or arising from, your course of employment.
>
> This plan will apply its rights of subrogation and reimbursement with respect to work related injuries or sickness even though benefits are in dispute or are made by means of settlement or compromise; no final determination is made that injury or sickness was sustained in the course of or resulted from your employment; the amount due for health care is not agreed upon or defined by you or the carrier; or the health care benefits are specifically excluded from settlement or compromise.
>
> In consideration for coverage under this plan, you agree to notify the plan of any claim you make. You agree to reimburse this plan based on the information above.

Defendant's Exhibit "A".

10

Plaintiff submits that this clause may only be read in direct contravention to Section 9, paragraph 16. Despite the exclusionary language contained therein, this section clearly indicates that defendant is entitled to subrogation/reimbursement rights for payments made "with respect to work related injuries or sickness". Of course, it is nonsensical for defendant to claim subrogation interest on benefits it does not render. Based upon the doctrine of *contra proferentem*, plaintiff submits that the two (2) clauses cited above regarding workers' compensation create ambiguity in the plan which must be construed against defendant. Therefore, plaintiff moves that even if this Court holds that defendant's denial of benefits was not in error under Section 9, paragraph 16 of the plan, it is absolute error under Section 15 (Workers' Compensation) of the plan. For these reasons, plaintiff submits that defendant's motion for summary judgment must fail.

**B.    Defendant has attached plaintiff's counsel's written request for review of denial of benefits to its Motion and still claims that plaintiff failed to exhaust administrative remedies**

Pursuant to ERISA, employers must establish procedures for reviewing employees' claims under their employee benefit plans. 29 U.S.C.A. § 1133 (West 1985 & Supp.1991). Eleventh Circuit precedent requires employees to exhaust these procedures before filing suit for benefits under ERISA. Mason v. Continental

11

Group, Inc., 763 F.2d 1219, 1227 (11th Cir.1985) (while statute does not contain an express exhaustion requirement, ERISA's legislative history illustrates Congress' intent that courts apply exhaustion requirement), cert. denied, 474 U.S. 1087, 106 S. Ct. 863, 88 L. Ed. 2d 902 (1986); accord Springer v. Wal-Mart Associates' Group Health Plan, 908 F.2d 897, 899 (11th Cir.1990).  Policy considerations supporting the exhaustion requirement include reducing the number of lawsuits under ERISA, providing a non-adversarial method of dispute settlement, providing uniformity of results within a company, and minimizing cost of dispute settlement. *See* 763 F.2d at 1227. The Eleventh Circuit warned in Curry v. Contract Fabricators, Inc. Profit Sharing Plan, 891 F.2d 842, 846 (11th Cir.1990), that Mason should not be read to require exhaustion of remedies in all cases.  Accord Springer, 908 F.2d at 899.  Instead an exception should be recognized for pleading impossibility of exhaustion in cases where claims procedures prove futile. 891 F.2d at 846.  Byrd v. MacPapers, Inc., 961 F.2d 157 (1992).

Initially, please see attached hereto and made by reference a part hereof Exhibits "D" and "E".  The former is plaintiff's memorializing of request to review denial of benefits as of January, 2005.  The latter is plaintiff's counsel's memorializing of request to review denial of benefits dated May 20, 2005.  Therein, plaintiff's counsel wrote, "*As such, kindly*

12

*review your determination of non-payment and process the*
*outstanding bills at your earliest convenience.*" (emphasis
added).

While defendant has raised no issue of sufficiency of
requests to review, it is clear from the plan that said need
merely be in writing.  Section 14, (B)(1) reads, "In the event
of a denial of your claim in whole or in part, you shall be
permitted to review pertinent documents and to submit issues and
comments in writing to the plan administrator.  You may also
make a written request for a full and fair review of the claim
denial".  See defendant's Exhibit "A".

Defendant has merely attached an affidavit to its motion
from the plan administrator that neither plaintiff nor counsel
requested review.  Quite confusingly, defendant likewise
attached plaintiff's counsel's written request for review as
Exhibit "B" therein, plaintiff's Exhibit "E" herein.

As such, plaintiff moves that defendant has satisfied
plaintiff's burden to show exhaustion of administrative remedies
by its attachment of plaintiff's counsel's correspondence as
Exhibit "B".  As a final consideration, plaintiff offers that
any further attempt to seek redress in defendant's "review
process" can only be considered an effort in futility.

13

Therefore, given plaintiff's well-pleaded Complaint and its actual appeal of denial of benefits as evinced by Exhibits "D" and "E", plaintiff submits that it has satisfied its burden under Rule 56 so that defendant's Motion must fail.

## IV.  CONCLUSION

Lastly, plaintiff attached the affidavit of Kim Rogal-deOliveira in support of its position.  In conclusion, for the foregoing reasons and those contained in the affidavit, Plaintiff respectfully requests that this Honorable Court enter the attached Order Denying Defendant's Motion for Summary Judgment.

Respectfully submitted,


s/ Robert E. Cole_____
Robert E. Cole, Esquire
Attorney for Plaintiff
Atty. I.D. No. 73263
437 Chestnut Street, Suite 218
Philadelphia, PA  19106
(215) 922-2050
recoleesq6@juno.com

## IN THE UNITED STATED DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

ROBERT E. COLE                                    Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050

_____

OWEN J. ROGAL, D.D.S., P.C.          :
d/b/a THE PAIN CENTER

           V.                   :      NO. 3:06cv711-MHT

SKILSTAF, INC. _____:

### CERTIFICATE OF SERVICE

    Robert E. Cole, Esquire, attorney for plaintiff, hereby
verifies that on the 25th day of April, 2007, he electronically
filed the foregoing with the Clerk of the Court using the CM/ECF
system, which will send notification of such filing as follows:

Amelia T. Driscoll, Esquire
Bradley Arant et al.
1819 Fifth Avenue North
Birmingham, AL  35203-2104

    Robert E. Cole, Esquire, attorney for plaintiff, hereby
verifies that on the 25th day of April, 2007, he served upon
Jeanne L. Bakker, Esquire, attorney for defendant above, a true
and correct copy of the foregoing by first class mail, postage
prepaid to the following address:

Montgomery, McCracken et al.
123 South Broad Street
Philadelphia, PA  19109

REC6159_____
Robert E. Cole, Esquire
Attorney for Plaintiff
Atty. I.D. No. 73263
437 Chestnut Street, Suite 218
Philadelphia, PA  19106
(215) 922-2050
recoleesq6@juno.com

15