# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| **OWEN J. ROGAL, D.D.S., P.C.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CIVIL ACTION NO.** |
| v. ) | **3:06-cv-00711-MHT** |
| ) | |
| **SKILSTAF, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Skilstaf, Inc. ("Skilstaf") hereby submits this reply to Plaintiff's Reply in Opposition to Defendant's Motion for Summary Judgment.[1]  This reply addresses two issues: (1) which standard of review applies in this case; and (2) whether charges incurred in connection with Plaintiff's treatment of Dennis Berry's work-related injury are covered under the terms of the Skilstaf Group Health Plan (the "Plan").

---

[1] For ease of reference, Plaintiff's Reply in Opposition to Defendant Skilstaf, Inc.'s Motion for Summary Judgment will be referred to herein as "Plaintiff's Opposition" while Plaintiff's Brief in Opposition to Defendant Skilstaf, Inc.'s Motion for Summary Judgment will be referred to herein as "Plaintiff's Brief."

**I.  THERE IS NO CONFLICT OF INTEREST BECAUSE THE PLAN ADMINISTRATOR RESPONSIBLE FOR MAKING DISCRETIONARY DECISIONS DOES NOT PAY CLAIMS UNDER THE PLAN.**

In the Eleventh Circuit, a conflict of interest exists, such that the heightened arbitrary and capricious standard of review applies, where the plan administrator responsible for making discretionary benefits or coverage decisions is also responsible for paying claims under the plan.  See, e.g., Brown v. Blue Cross & Blue Shield of Ala., Inc., 898 F.2d 1556, 1562 (11th Cir. 1990) (noting that a "'conflict of interest [exists] when the fiduciary making a discretionary decision is also the insurance company responsible for paying the claims'") (quoting Jader v. Principal Mut. Life Ins. Co., 723 F. Supp. 1338, 1343 (D. Minn. 1989)).  In its Brief, Plaintiff incorrectly suggests that the heightened arbitrary and capricious standard of review is applicable in this case because "the plan affords the administrator discretion and the administrator has a conflict of interest . . . ." (Plaintiff's Brief at 4, ¶ 3).  Plaintiff's suggestion notwithstanding, the Plan Administrator (Risk Reduction, Inc. ("RRI")) responsible for making discretionary decisions under the Plan is not responsible for funding the Plan.  See Skilstaf-00058, Skilstaf-00060.[2]  Accordingly, and because there is no conflict of interest,

---

[2] Excerpts from the Administrative Record were attached as Exhibits A and B to the Affidavit of Robert Johnson, which was submitted contemporaneously with Skilstaf's Motion for Summary Judgment.  For ease of reference, pages within each respective exhibit will be referred to in this reply brief by their bates-labeled page numbers only, such as "Skilstaf-00125."

the more deferential arbitrary and capricious standard of review is applicable in this case. HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 994 (11th Cir. 2001) ("If no conflict of interest exists, then only arbitrary and capricious review applies and the claims administrator's wrong but reasonable decision will not be found arbitrary and capricious.").

As the Plan's SPD makes clear, RRI is the Plan Administrator; Skilstaf, by contrast, is the Plan Sponsor. Skilstaf-00060. As the Plan Administrator, RRI is vested with full discretionary power to interpret the Plan, to determine all inquiries arising in the Plan's administration, application, and interpretation, and to apply the Plan's claim review procedures. Skilstaf-00058, Skilstaf-00060. Skilstaf, by contrast, is responsible for making "contributions to the plan" based "upon its determination of the amounts necessary to timely pay benefits and expenses . . . ." Skilstaf-00060. Because Skilstaf funds the Plan and RRI, who is responsible for making discretionary decisions under the Plan, does not, there is no conflict of interest and the deferential arbitrary and capricious standard of review applies in this case. HCA Health Services of Georgia, Inc., 240 F.3d at 994; see also Brown, 898 F.2d at 1562.

## II. PLAINTIFF'S TREATMENT OF DENNIS BERRY'S WORK-RELATED INJURY IS NOT COVERED UNDER THE PLAN

The Plan's SPD makes absolutely clear that "[c]harges for injury or sickness occurring during or arising from your performance of service in a covered business

or industry" are not payable under the Plan. Skilstaf-00039, Skilstaf-00040. Plaintiff concedes that it treated Dennis Berry for "symptomology . . . he sustained in a work-place incident [on] September 26, 2003." (Plaintiff's Opposition at ¶ 8). Because Plaintiff treated Dennis Berry in connection with a work-related injury, Skilstaf correctly determined that Plaintiff's Dennis Berry-related claims were excluded from coverage under the Plan.

Plaintiff's contention that its Dennis Berry-related claims are covered under the Plan because said claims were denied by Mr. Berry's workers' compensation carrier, CSC Claim Company ("CSC"), is mistaken. (See Plaintiff's Brief at 9 (arguing that "paragraph 16 under section 9 of the plan indicates that treatment rendered in connection with a workers' compensation injury must be *payable* in order for said [exclusionary] section to be applicable")). Contrary to Plaintiff's contention, the Plan's SPD makes clear that "[c]harges for injury or sickness occurring during or arising from your performance of service in a covered business or industry **or** payable under worker's compensation or an occupational disease act or law" are excluded from coverage under the Plan. Skilstaf-00039, Skilstaf-00040 (emphasis added). The use of the disjunctive "or" indicates that charges for the treatment of an injury are not payable under the Plan under two alternative scenarios: (1) if the injury occurred during (or arose from) work; or (2) if the injury is payable under worker's compensation or other occupational law. See Skilstaf-

4

00040; see also Brown v. Budget Rent-A-Car Sys., Inc., 119 F.3d 922, 924 (11th Cir. 1997) ("As a general rule, the use of a disjunctive . . . indicates alternatives and requires that those alternatives be treated separately.") (internal citation and quotation omitted). Accordingly, charges incurred in connection with the treatment of a work-related injury are not covered under the Plan, regardless of whether the charges turn out to be "payable under worker's compensation or an occupational disease act or law" or not.[3] See Skilstaf-00039, Skilstaf-00040.

Even assuming arguendo that the Plan's work-related injury exclusion applies only where treatment for the injury "is payable" by a claimant's workers' compensation carrier, Skilstaf still made the correct decision to deny coverage in this case because Plaintiff's claims *were* payable by CSC. See TEX. LABOR CODE ANN. § 408.021 (Vernon 2006) (confirming that "[a]n employee that sustains a compensable injury[4] is entitled to all health care reasonably required by the nature of the injury as and when needed"). CSC denied coverage of Plaintiff's claims because Mr. Berry sought treatment by a provider – Plaintiff – that was not on the "TWCC (Texas Workers' Compensation Commission) approved provider list";

---

[3] The April 19, 2005, letter from Toni Spivey to Plaintiff's counsel confirms that Plaintiff's claims are excluded from coverage under the Plan because "the bills in question are the result of an alleged work-related injury . . . ." Skilstaf-00101 (using the disjunctive "or" when she states that "the bills in question are the result of an alleged work-related injury **or** are otherwise subject to workers' compensation law"). Accordingly, Ms. Spivey's letter does not support Plaintiff's assertion that its claims are covered under the Plan because they were not paid by Dennis Berry's workers' compensation carrier. (See Plaintiff's Brief at 9).

[4] A "[c]ompensable injury" is defined, in pertinent part, as "an injury that arises out of and in the course and scope of employment . . . ." TEX. LABOR CODE ANN. § 408.011(10).

5

CSC did not, by contrast, deny coverage because Plaintiff's claims were otherwise not compensable under Texas' workers' compensation law. (Plaintiff's Brief at 10); see TEX. LABOR CODE ANN. § 408.021 (confirming that "[a]n employee that sustains a compensable injury is entitled to all health care reasonably required by the nature of the injury as and when needed"); id. at § 408.022 (requiring that an injured employee "receive medical treatment from a doctor chosen from a list of doctors approved by the commissioner"); id. at § 408.023 (outlining the list of approved provider requirements). Plaintiff's suggestion that Skilstaf is required to cover the treatment it rendered to Mr. Berry even though (1) Mr. Berry sought treatment from a non-covered provider, and (2) Plaintiff carelessly failed to verify that its treatment would be covered by Mr. Berry's workers' compensation carrier prior to its accepting Mr. Berry's "assignment of rights" does not pass the "straight face" test.[5] Certainly Skilstaf cannot be held responsible for paying damages that the Plaintiff suffered at its own hand.

Plaintiff also incorrectly suggests that, because the Plan's subrogation, reimbursement, and recovery provisions conflict with the Plan's work-related

---

[5] Per industry norms, it is utterly inconceivable to Skilstaf that Plaintiff continued treating Dennis Berry in a non-emergency situation, and thereby racked up medical bills totaling $369,390.00, without ever verifying that its charges were covered by insurance. (See Ex. 3 to Skilstaf's Motion at ¶ 6). Plaintiff's verification problem is exacerbated by the fact that, at least as early as January 17, 2005, Plaintiff, an out-of-state provider, knew that it was not on Dennis Berry's TWCC approved provider list. (See Ex. D to Plaintiff's Opposition). Despite CSC's repeated denials, Plaintiff continued treating Mr. Berry in connection with his work-related injury until approximately August 19, 2005. (See Ex. 3 to Skilstaf's Motion at ¶ 6).

6

injury exclusion, Skilstaf should not have denied coverage for Plaintiff's Dennis Berry-related claims. (Plaintiff's Brief at 10-11). Again, Plaintiff is mistaken: the Plan's subrogation, reimbursement, and recovery provisions expressly demonstrate just the opposite – that is, charges incurred when treating work-related injuries are excluded from coverage under the Plan.

>The Plan's SPD provides, in pertinent part, that:

> This plan is not issued in lieu of, nor does it affect any requirement of, coverage under any Act or Law which provides benefits for any injury or sickness occurring during, or arising from, your course of employment. This plan will apply its rights of subrogation and reimbursement with respect to work related injuries or sickness even though benefits are in dispute or are made by means of settlement or compromise; no final determination is made that injury or sickness was sustained in the course of or resulted from your employment; the amount due for health care is not agreed upon or defined by you or the carrier; or the health care benefits are specifically excluded from settlement or compromise. In consideration for coverage under the plan, you agree to notify the plan of any claim you make. You agree to reimburse the plan based on the information above.

Skilstaf-00062. Plaintiff's suggestion notwithstanding, the Plan's subrogation, reimbursement, and recovery provisions come into effect when the Plan pays money that it is not required to pay under the terms of the Plan. See Skilstaf-00052-Skilstaf-00053. That is, if the Plan mistakenly pays a claim that should be covered by a claimant's workers' compensation carrier, the Plan's subrogation, reimbursement, and recovery provisions require the claimant to return the monies that the Plan has mistakenly paid. See Skilstaf-00052-Skilstaf-00053, Skilstaf-

00062.  Therefore, Plaintiff's suggestion that the Plan's subrogation, reimbursement, and recovery provisions conflict with the Plan's express work-related injury exclusion is incorrect.  To the contrary, those provisions support the exact opposite conclusion: treatment for work-related injuries is excluded from Plan coverage.

### III.  CONCLUSION

For the reasons detailed above and in its opening brief, Skilstaf is entitled to summary judgment in its favor and Plaintiff's claims should be dismissed with prejudice.

                    Respectfully Submitted,

                    s/Charles A. Stewart III
                    Charles A. Stewart III (STE067)
                    Bradley Arant Rose & White LLP
                    The Alabama Center for Commerce
                    401 Adams Avenue, Suite 780
                    Montgomery, AL 36104
                    Telephone: (334) 956-7700
                    Facsimile: (334) 956-7701
                    cstewart@bradleyarant.com

                    s/Amelia T. Driscoll
                    Amelia T. Driscoll (DRI016)
                    Bradley Arant Rose & White LLP
                    1819 Fifth Avenue North
                    Birmingham, AL 35203-2104
                    Telephone: (205) 521-8000
                    Facsimile: (205) 521-8800
                    adriscoll@bradleyarant.com
                    Attorneys for Defendant
                    Skilstaf, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Robert E. Cole
>437 Chestnut Street, Suite 218
>Philadelphia, PA  19109
>
>Beth A. Friel
>Jeanne L. Bakker
>Mongtomery, McCracken, Walker & Rhoads
>123 South Broad Street
>Philadelphia, PA  19109

and I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:  None.

                                          /s/ Amelia T. Driscoll