# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| **OWEN J. ROGAL, D.D.S., P.C.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CIVIL ACTION NO.** |
| v. ) | **3:06-cv-00711-MHT** |
| ) | |
| **SKILSTAF, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S WITNESS AND EXHIBIT LISTS

Defendant Skilstaf, Inc. ("Skilstaf") hereby provides Plaintiff with the following Witness and Exhibit Lists:

## WITNESS LIST

1. Skilstaf does not expect to present any witnesses:

    (a) Plaintiff claims that it is entitled to medical coverage under the Skilstaf Group Health Plan (the "Plan") in connection with radio-frequency treatments it rendered to Dennis Berry from August 2004 to August 2005. See Compl. ¶¶ 1-21. The Plan is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461. Skilstaf-

00003.[1]  The Plan vests full discretionary authority in the Plan Administrator – Risk Reduction, Inc. ("RRI") – to interpret the Plan and to apply the Plan's claim review procedures.  Skilstaf-00058, Skilstaf-00060.  RRI was the Plan Administrator that handled, and denied, Plaintiff's claim for coverage under the Plan.  See Skilstaf-00060.  Skilstaf, designated as the Plan Sponsor, funds the Plan based upon its determination of the amounts necessary to timely pay Plan benefits and expenses.  Id.

(b)  The arbitrary and capricious standard of review applies in this case because discretionary authority to interpret the terms of the Plan is delegated to the Plan Administrator, RRI, and not to Skilstaf (who is responsible for funding the Plan).  Skilstaf-00058, Skilstaf-00060.  Under the arbitrary and capricious standard of review, the scope of the Court's review is limited to the evidence in the administrative record.  See Buckley v. Metro. Life, 115 F.3d 936, 941 (11th Cir. 1997) (holding that under the arbitrary and capricious standard, the court is to review the facts known to the administrator at the time its decision was made); Lee v. Blue Cross/Blue Shield of Ala., 10 F.3d 1547, 1550 (11th Cir. 1994) (finding, under the arbitrary and capricious standard, that the reviewing court's inquiry is limited to the evidence that was available when the fiduciary made its final

---

[1] The Administrative Record was served along with Defendant's Initial Disclosures on or about December 6, 2006.  For ease of reference, pages within the Administrative Record will be referred to herein by their bates-labeled page numbers only, such as "Skilstaf-00125."

decision); Jett v. Blue Cross and Blue Shield of Ala., Inc., 890 F.2d 1137, 1139 (11th Cir. 1989) ("[T]he function of the court is to determine whether there was reasonable basis for the decision, based upon the facts as known to the administrator at the time the decision was made.").

  (c)  Accordingly, the Court is to decide this action on the administrative record in a bench trial without any need for any witnesses.

  2.  Subject to and without waiving its position that this case should be decided on the administrative record in a bench trial without any need for any witnesses, Skilstaf states that, if Plaintiff is allowed to present evidence outside the administrative record, it may present one or more of the following witnesses:

  (a)  Dennis Berry

  (b)  Dianna Berry

  (c)  Dr. Stuart Kauffman

  (d)  Dr. Paul Palmerio

  (e)  Dr. Owen Rogal

  (f)  Dr. Randy Weiss

  (g)  Kim deOliveira

  (h)  Gregg Diamond, M.D.

  (i)  Wallis Haynes, Esq.

  (j)  Robert Johnson

    (k)    Belinda Cotney

    (*l*)    Natalie Morton

    (m)    Tara DeAndrea

    (n)    Veronica Everett

3.    If Plaintiff is allowed to present evidence outside the administrative record, Skilstaf reserves the right to supplement its witness list and to respond with witnesses that it cannot identify, not now knowing what evidence Plaintiff might be allowed to offer.

## EXHIBIT LIST

1.    The administrative record for Plaintiff's claim (Skilstaf-00001 – Skilstaf-02129).

2.    Any documents needed for rebuttal of Plaintiff's witnesses or exhibits.

           Respectfully Submitted,

           s/Charles A. Stewart III
           Charles A. Stewart III (STE067)
           Bradley Arant Rose & White LLP
           The Alabama Center for Commerce
           401 Adams Avenue, Suite 780
           Montgomery, AL 36104
           Telephone: (334) 956-7700
           Facsimile: (334) 956-7701
           cstewart@bradleyarant.com

                      s/Amelia T. Driscoll
                      Amelia T. Driscoll (DRI016)
                      Bradley Arant Rose & White LLP
                      1819 Fifth Avenue North
                      Birmingham, AL 35203-2104
                      Telephone: (205) 521-8000
                      Facsimile: (205) 521-8800
                      adriscoll@bradleyarant.com

                      Attorneys for Defendant
                      Skilstaf, Inc.

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Robert E. Cole
        437 Chestnut Street, Suite 218
        Philadelphia, PA  19106

        Beth A. Friel
        Jeanne L. Bakker
        Mongtomery, McCracken, Walker & Rhoads
        123 South Broad Street
        Philadelphia, PA  19109

and I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:  None.

                      /s/ Amelia T. Driscoll