# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **OWEN J. ROGAL, D.D.S., P.C.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CIVIL ACTION NO.** |
| v. ) | **3:06-cv-00711-MHT** |
| ) | |
| **SKILSTAF, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S OBJECTION TO
## PLAINTIFF'S WITNESS AND EXHIBIT LISTS

Defendant Skilstaf, Inc. ("Skilstaf") hereby objects to Plaintiff's Witnesses and Exhibits as follows:

1. Plaintiff claims that it is entitled to medical coverage under the Skilstaf Group Health Plan (the "Plan") in connection with radio-frequency treatments it rendered to Dennis Berry from August 2004 to August 2005. See Compl. ¶¶ 1-21. The Plan is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461. Skilstaf-00003.[1] The Plan vests full discretionary authority in the Plan Administrator –

---

[1] The Administrative Record was served along with Defendant's Initial Disclosures on or about December 6, 2006. For ease of reference, pages within the Administrative Record will be referred to herein by their bates-labeled page numbers only, such as "Skilstaf-00125."

Risk Reduction, Inc. ("RRI") – to interpret the Plan and to apply the Plan's claim review procedures.  Skilstaf-00058, Skilstaf-00060.  RRI was the Plan Administrator that handled, and denied, Plaintiff's claim for coverage under the Plan.  See Skilstaf-00060.  Skilstaf, designated as the Plan Sponsor, funds the Plan based upon its determination of the amounts necessary to timely pay Plan benefits and expenses.  Id.  The arbitrary and capricious standard of review, with full deference, applies in this case because discretionary authority to interpret the terms of the Plan is delegated to the Plan Administrator, RRI, and not to Skilstaf (who is responsible for funding the Plan).  Skilstaf-00058, Skilstaf-00060.

"[W]here [a] plan affords the administrator discretion," the "administrator's fact-based determinations" cannot "be disturbed if" they were "reasonable based on the information known to the administrator at the time the decision was rendered."  Paramore v. Delta Airlines, Inc., 129 F.3d 1446, 1451 (11th Cir. 1997).  Accordingly, and because "[t]he function of the court is to determine whether there was a reasonable basis for the decision, based upon the facts as known to the [decision maker] at the time the decision was made[,]" a court is to limit its scope of review to the administrative record that was before the decision maker at the time the decision maker denied or terminated the claimant's benefits.  Jett v. Blue Cross & Blue Shield of Ala., 890 F.2d 1137, 1139 (11th Cir. 1989); Paramore, 129 F.3d at 1451.  Therefore, to determine the propriety of RRI's decision that Plaintiff

was not entitled to medical coverage under the Plan in connection with radio-frequency treatments it rendered to Dennis Berry from August 2004 to August 2005, this Court's scope of review is limited to the information that was available to RRI when it made its decision.

      2.    Except to the extent that document custodians might be necessary to establish what comprised the administrative record available to RRI, Skilstaf objects to all witnesses listed by Plaintiff. As discussed above, Plaintiff's witnesses would not have admissible evidence to offer the Court.

      3.    Except to the extent that documents are part of the administrative record, Skilstaf objects to all exhibits listed by Plaintiff. The administrative record, which Skilstaf produced to Plaintiff along with its Initial Disclosures, consists of only those documents bates-labeled Skilstaf-00001 through Skilstaf-02184. For the reasons outlined above, Plaintiff's other exhibits would not be admissible evidence.

      Respectfully Submitted,

      s/Charles A. Stewart III
      Charles A. Stewart III (STE067)
      Bradley Arant Rose & White LLP
      The Alabama Center for Commerce
      401 Adams Avenue, Suite 780
      Montgomery, AL 36104
      Telephone: (334) 956-7700
      Facsimile: (334) 956-7701
      cstewart@bradleyarant.com

        s/Amelia T. Driscoll
        Amelia T. Driscoll (DRI016)
        Bradley Arant Rose & White LLP
        1819 Fifth Avenue North
        Birmingham, AL 35203-2104
        Telephone: (205) 521-8000
        Facsimile: (205) 521-8800
        adriscoll@bradleyarant.com

        Attorneys for Defendant
        Skilstaf, Inc.

## **CERTIFICATE OF SERVICE**

     I hereby certify that on August 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Robert E. Cole
        437 Chestnut Street, Suite 218
        Philadelphia, PA  19106

        Beth A. Friel
        Jeanne L. Bakker
        Mongtomery, McCracken, Walker & Rhoads
        123 South Broad Street
        Philadelphia, PA  19109

and I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:  None.

        /s/ Amelia T. Driscoll