IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
OWEN J. ROGAL, D.D.S.,   )
P.C.,                    )
                         )
     Plaintiff,          )
                         )      CIVIL ACTION NO.
     v.                  )       3:06cv711-MHT
                         )
SKILSTAF, INC.,          )
                         )
     Defendant.          )
```

ORDER ON PRETRIAL HEARING

A pretrial conference was held in the above case on August 14, 2007, wherein, or as a result of which, the following proceedings were held and action taken:

    1.   PARTIES AND TRIAL COUNSEL:

       For Plaintiff:   Robert E. Cole (REC6159)

       For Defendant:  Charles A. Stewart III (STE067)
                           Amelia T. Driscoll (DRI016)

    COUNSEL APPEARING AT PRETRIAL HEARING:

       For Plaintiff:   Robert E. Cole (REC6159)
       For Defendant:  Charles A. Stewart III (STE067)
                           Amelia T. Driscoll (DRI016)

    2.   JURISDICTION AND VENUE:

Subject matter jurisdiction exists under 28 U.S.C. §§ 1331 & 1332 and 29 U.S.C. § 1132 (ERISA). Personal jurisdiction and venue are not contested.

3. **PLEADINGS**: The following pleadings have been allowed:

   (a) Complaint on behalf of Plaintiff;

   (b) Answer on behalf of Defendant.

4. **CONTENTIONS OF THE PARTIES**:

   (a) *Plaintiff*:

   1. The plaintiff in this matter is Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, a corporation with principal place of business being located at 501-07 South 12th Street, Philadelphia, PA 19147.

   2. Defendant Skilstaf, Inc. is an Alabama corporation and insurance provider/plan administrator with its headquarters and principal place of business located at P.O. Box 729, Alexander City, AL 35011.

   3. This matter concerns plaintiff medical provider's allegations of non-payment of medical bills by defendant incurred by patient/insured Dennis Berry.

   4. Dennis Berry executed an assignment of rights to plaintiff.

   5. Dennis Berry sought treatment with plaintiff from August 6, 2004 through August 19, 2005 due to symptomology he indicated he sustained in a work-place incident of September 26, 2003.

6. Dennis Berry received radio-frequency surgical treatment and related on the dates aforesaid.

7. Medical bills for treatment rendered by plaintiff to Dennis Berry total $369,390.00.

8. Workers' compensation carrier for Dennis Berry's employer, Newspaper Processing, as of September 26, 2003 was CSC Claim Company, 2995 L.B.J. Freeway, #121, Dallas, TX  75234.

9. Group health plan sponsor for Dennis Berry's employee welfare benefit plan is defendant herein.

10. Plaintiff submitted bills for treatment rendered to Dennis Berry to CSC Claim Company.

11. All bills submitted by plaintiff to CSC Claim Company were denied due to plaintiff's medical personnel not being on the TWCC approved provider list as required.

12. Plaintiff subsequently forwarded bills for medical services provided to Dennis Berry to defendant herein.  Bills were denied pursuant to contract interpretation that same were payable under workers' compensation law.

13. By correspondence of January 17, 2005, plaintiff requested review of said determination.

14. By correspondence of May 20, 2005, plaintiff through counsel again requested review of said determination. Specifically therein, plaintiff's counsel requested, *"As such, kindly review your determination of non-payment and process the outstanding bills at your earliest convenience."*  (Emphasis added).

15. Plaintiff did not request review/appeal further as it was apparent to plaintiff and counsel that any further efforts would be futile.

16. Defendant's plan administrator has been afforded discretion to interpret provisions of the Plan and the Plan is self-insured with the plan sponsor making contributions to the plan based upon determination of the amounts necessary to timely pay benefits and expenses. As such, the administrator operates under a conflict of interest.

17. Herein, the heightened arbitrary-and-capricious standard of review applies to the administrator's interpretation of the plan where the plan affords the administrator discretion and the administrator has a conflict of interest. <u>Brown v. Blue Cross & Blue Shield of Ala., Inc.</u>, 898 F.2d 1556 (1990).

18. Defendant's plan interpretation that medical bills for treatment rendered to Dennis Berry by plaintiff were excluded due to being payable by workers' compensation insurance was in error.

19. Medical bills for treatment rendered to Dennis Berry by plaintiff were in fact not payable by the appropriate workers' compensation carrier according to Tex. Lab. Code § 408.023.

20. Defendant's group health plan contains conflicting provisions with regard to payment of medical benefits in situations where workers' compensation coverage may be present. Therein, said plan indicates, "This plan will apply its rights of subrogation and reimbursement with respect to work related injuries or sickness even though benefits are in dispute or are made by means of settlement or compromise..." The said section conflicts entirely with Section 9, paragraph 16 of defendant's

health plan, and as such the discrepancy should be regarded to defendant's disfavor.

21. Plaintiff has exhausted all administrative remedies prior to filing the instant matter.
22. Defendant has incorrectly determined that benefits are excluded in the instant matter.

(b) <u>Defendant</u>:

Defendant's determination that Plaintiff's treatment of Dennis Berry ("Mr. Berry") was excluded from coverage under the Skilstaf Group Health Plan (the "Plan") was correct and should be affirmed by this Court. As more fully explained in Defendant's Brief in Support of Defendant's Motion for Summary Judgment and in Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Defendant is entitled to judgment in this action.

First, the deferential arbitrary and capricious standard of review applies in this case because the Plan vests discretionary authority to interpret the Plan and to apply the Plan's claim review procedures in the Plan Administrator and there is no conflict of interest. More specifically, the Plan vests full discretionary authority

in Risk Reduction, Inc. ("RRI"), the Plan Administrator, to make discretionary decisions under the Plan. Skilstaf-00058, Skilstaf-00060.  Skilstaf, Inc. ("Skilstaf"), by contrast, is designated as the Plan Sponsor responsible for funding the Plan.  Skilstaf-00060.  Because Skilstaf funds the Plan and RRI, who is responsible for making discretionary decisions under the Plan, does not, there is no conflict of interest and the deferential arbitrary and capricious standard of review applies in this case.

Second, and because the Plan contains discretionary language, the Court's review of RRI's decision in this action is restricted to a review of the Administrative Record, which consists of documents bates-labeled Skilstaf-00001 through Skilstaf-02184.

Third, RRI correctly determined that Plaintiff's treatment of Mr. Berry was not covered under the Plan. Plaintiff treated Mr. Berry for an injury he sustained in a work-related accident.  The Plan expressly excludes from coverage "[c]harges for injury or sickness occurring

during or arising from [a claimant's] performance of service in a covered business or industry <u>or</u> payable under worker's compensation or an occupational disease act or law."  Skilstaf-00040 (emphasis supplied). Because Plaintiff treated Mr. Berry for an injury that occurred during or arose from his performance at work, RRI correctly determined that Plaintiff's treatment of Mr. Berry was excluded from Plan coverage.  In any event, Plaintiff cannot establish, as it must to prevail in this action under the arbitrary and capricious standard of review, that RRI's decision was unreasonable. Accordingly, RRI's determination that Plaintiff's treatment of Mr. Berry was excluded from Plan coverage should be affirmed by this Court.

   5.   <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>:

   Plaintiff Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center is a corporation with its principal place of business at 501-07 South 12th Street, Philadelphia, PA 19147.

   Defendant Skilstaf, Inc. is an Alabama corporation with its principal place of business at 860 Airport Drive, Alexander City, Alabama.

Skilstaf is an employee leasing company that provides its clients with employee benefits and human resources services including, but not limited to, health care benefits.  As an employee leasing company, Skilstaf enters into co-employment agreements with its clients under which the client leases its employees to Skilstaf and Skilstaf simultaneously assigns the employees back to the client.  Although Skilstaf's clients retain direct control and supervision of their employees, Skilstaf becomes the co-employer of its clients' employees for specified purposes such as payroll, benefits, and workers' compensation.

Newspaper Processing, Inc. is one of Skilstaf's clients and, accordingly, Skilstaf provides group health coverage under the Skilstaf Group Health Plan (the "Plan") to Newspaper Processing, Inc. employees.

Dennis Berry ("Mr. Berry") is an employee of Newspaper Processing, Inc., and, during the time relevant to the Complaint, was a participant in the Plan, which is an employee welfare benefits plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C § 1001 <u>et seq.</u> ("ERISA").

Mr. Berry was injured in a work-related accident on September 26, 2003.  From August 2004 until August 2005, Plaintiff treated symptomology that Mr. Berry indicated he had sustained in his September 26, 2003 work-related accident with radiofrequency therapy.

Mr. Berry executed an assignment of rights to Plaintiff.

In connection with its treatment of Mr. Berry, Plaintiff submitted medical bills to Defendant totaling $369,390.00.

Defendant denied the claims Plaintiff submitted in connection with its treatment of Mr. Berry.

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last one (1) day, are set for September 5, 2007, at 10:00 a.m. at the Federal Courthouse in Opelika, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(4) Trial briefs are required to be filed by September 3, 2007;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling

order (Doc. No. 27) entered by the court on October 12, 2006; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by Order of the court.

DONE, this the 15th day of August, 2007.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**