IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

```
ROBERT E. COLE                              Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050
_____

OWEN J. ROGAL, D.D.S., P.C.          :
d/b/a THE PAIN CENTER
501-07 SOUTH 12TH STREET
PHILADELPHIA, PA  19147

            Plaintiff                :

            V.                       :    NO. 3:06cv711-MHT

SKILSTAF, INC.                       :
P.O. BOX 729
ALEXANDER CITY, AL  35011

            Defendant                :
_____
```

**PLAINTIFF OWEN J. ROGAL, D.D.S., P.C.'S BRIEF IN OPPOSITION TO DEFENDANT SKILSTAF, INC.'S OBJECTIONS TO PLAINTIFF'S WITNESS AND EXHIBIT LIST**

1

**TABLE OF CONTENTS**

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . .3

    A.   COUNTER-STATEMENT OF UNDISPUTED FACTS. . . . . . . . .3

    B.   STATEMENT OF DISPUTED FACTS. . . . . . . . . . . . . .4

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . 5

**A.**

**DEFENDANT HAS AGAIN MISIDENTIFIED THE CORRECT STANDARD OF REVIEW REGARDING AN ADMINISTRATOR'S INTERPRETATION OF AN ERISA PLAN, WHICH PROPERLY IN THIS MATTER IS THE HEIGHTENED ARBITRARY AND CAPRICIOUS STANDARD**

**B.**

**PRECEDENTIAL CASELAW INDICATES THAT THE COURT IS FULLY WITHIN ITS RIGHTS TO CONSIDER EVIDENCE BEYOND THE ADMINISTRATIVE RECORD IN ERISA CASES**

III. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . .10

    CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . .11

I.   **INTRODUCTION**

The plaintiff in this matter is Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, a corporation with principal place of business being located at 501-07 South 12th Street, Philadelphia, PA  19147.  Defendant Skilstaf, Inc. is an Alabama corporation and insurance provider/plan administrator with its headquarters and principal place of business located at P.O. Box 729, Alexander City, AL  35011.

This matter commenced in October, 2005 in Philadelphia County, PA and was removed to federal court for the eastern district of Pennsylvania on or about November of 2005.  This matter was transferred to the present venue by the Court on June 26, 2006.  This matter concerns plaintiff medical provider's allegations of non-payment of medical bills by defendant incurred by patient/insured Dennis Berry.  Mr. Berry executed an assignment of rights to plaintiff which has been reproduced in defendant's Exhibit 3 to its motion.

   A.   *COUNTER STATEMENT OF UNDISPUTED FACTS*

   1.   Plaintiff claims that it is entitled to medical coverage under defendant's Group Health Plan regarding radiofrequency treatment it rendered to patient Dennis Berry.

*B.   STATEMENT OF DISPUTED FACTS*

1.   Defendant's plan administrator is vested with discretionary authority with regard to plan interpretation and construction.

2.   Defendant's plan is funded based upon determination of amounts necessary to timely pay benefits and expenses; as such, the plan sponsor is directly interested in payments made from the plan.

3.   As the plan affords the administrator discretion and the administrator has a conflict of interest, the Eleventh Circuit has held that a heightened arbitrary-and-capricious standard of review applies to the plan administrator's interpretation of the plan. <u>Brown v. Blue Cross & Blue Shield of Ala., Inc.</u>, 898 F.2d 1556 (1990).

4.   Judicial review of denial of benefits under ERISA plans involves a multi-step approach commencing with *de novo* review. <u>Williams v. BellSouth Telecomms.</u>, 373 F.3d 1132, 1137-38 (11th Cir. 2004).

5.   In *de novo* review, the Court "is not limited to the facts available to the Administrator at the time of the determination." <u>Kirwan v. Marriott Corp.</u>, 10 F.3d 784, 789 (11th Cir. 1994).  *See also*, <u>Moon v. American Home Assurance Co.</u>, 888 F.2d 86 (1989).

6.   Defendant has filed an administrative record herein consisting of some 2000 pages of documents, only several hundred of which concern plaintiff's treatment of Dennis Berry.

7.   Evidence and documentation concerning the efficacy of treatment rendered by plaintiff to Dennis Berry, as well as peer review documentation regarding radiofrequency surgery treatment, was available to defendant prior to its determination to deny payment for medical services rendered.

8.   Defendant deprived plaintiff of rights under the Plan to offer any evidence/documentation in support of its position prior to administrator's decision.

II. **ARGUMENT**

   A. **Defendant has continued to identify the incorrect legal standard in its denial of medical benefits/plan interpretation by fiduciary operating under conflict of interest**

This Court has stated:

The Eleventh Circuit has held that a heightened arbitrary-and-capricious standard of review applies to the plan administrator's interpretation of the plan where the plan affords the administrator discretion and the administrator has a conflict of interest. *See* 898 F.2d at 1566-67. "[A] fiduciary operating under a conflict of interest may be entitled to review by the arbitrary and capricious standard for its discretionary decisions as provided in the ERISA plan documents, but the degree of deference actually exercised in application of the standard will be significantly diminished." Id. at 1568. The Brown court reasoned that, "when an insurance company serves as ERISA fiduciary to a plan composed solely of a policy or contract issued by that company, it is exercising discretion over a situation for which it incurs 'direct, immediate expense as a result of benefit determinations favorable to plan participants.'" Id. at 1561 (quoting De Nobel v. Vitro Corp., 885 F.2d 1180, 1191 (4th Cir. 1989)).
The Eleventh Circuit applies a burden-shifting analysis under the heightened arbitrary-and-capricious standard applicable to the plan administrator's interpretation of a plan. *See* Brown, 898 F.2d at 1566-67; Sahlie v. Nolen, 984 F. Supp. 1389, 1400 (M.D. Ala. 1997) (Thompson, C.J.). Under this approach, the court first must determine whether the interpretation of the plan proffered by the claimant is reasonable. *See* Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue Shield of Ala., 41 F.3d 1476, 1481 (11th Cir. 1995), cert. denied, 514 U.S. 1128, 115 S. Ct. 2002, 131 L. Ed. 2d 1003 (1995); Sahlie, 984 F. Supp. at 1400-01. If it determines that the claimant's interpretation is reasonable, the court applies the principle of contra proferentem, n84 construing ambiguities in the facts against the plan administrator, to find that the administrator's interpretation of the plan is wrong. *See* Florence Nightingale, 41 F.3d at 1481; Sahlie, 984 F. Supp. at 1401. Next, the court determines whether the plan administrator was arbitrary and capricious in adopting its incorrect interpretation. *See* Sahlie, 984 F. Supp. at

5

> 1401. In so doing, the court places the burden upon the administrator to establish that its action was not tainted by self-interest. *See* Florence Nightingale, 41 F.3d at 1481; Sahlie, 984 F. Supp. at 1401. Even a reasonable interpretation will be found arbitrary and capricious unless the administrator can demonstrate that its decision was not motivated by self-interest. *See* Brown, 898 F.2d 1556 at 1566-67; Sahlie, 984 F. Supp. at 1401. Finally, if the administrator does manage to carry this burden, the claimant may still succeed if the administrator's action was arbitrary and capricious by other measures. *See* Brown, 898 F.2d at 1568; Sahlie, 984 F. Supp. at 1401.
> n84 "Contra proferentem" is a term "used in connection with the construction of written documents to the effect that an ambiguous provision is construed most strongly against the person who selected the language." Black's Law Dictionary 327 (6th ed. 1990) (citing United States v. Seckinger, 397 U.S. 203, 216, 90 S. Ct. 880, 887-88, 25 L. Ed. 2d 224 (1970)).

Lake v. UNUM Life Ins. Co. of Amer., 50 F. Supp. 2d 1243 (1999).

In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 103, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989), the Supreme Court held that a denial of ERISA benefits is to be reviewed under a de novo standard, unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Where such discretion is granted, the administrator's decision would ordinarily not be subject to judicial review except to prevent an abuse of that discretion. Id. However, where a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, the court must weigh that conflict in determining whether the discretion has been

abused under a heightened arbitrary and capricious standard. Id. at 115.

Further, the Court has stated:

> Pursuant to Firestone, the Eleventh Circuit incorporated these varying levels of judicial review in a multi-step approach:
> (1) Apply the de novo standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.
> (2) If the administrator's decision in fact is "de novo wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.
> (3) If the administrator's decision is "de novo wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable grounds supported it" (hence, review his decision under the more deferential arbitrary and capricious standard).
> (4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.
> (5) If there is no conflict, then end the inquiry and affirm the decision.
> (6) If there is a conflict of interest, then apply heightened arbitrary and capricious review to the decision to affirm or deny it.

Williams v. BellSouth Telecomms., Inc., 373 F.3d 1132, 1137-38 (11th Cir. 2004).

Section 15 of the Plan provides general information regarding the plan. Under TYPE OF PLAN, it states, "The plan is administered by the plan administrator, which exercises authority (1) to construe all of the terms, provisions, conditions, and limitations of the plan, including, but not

7

limited to, any uncertain terms contained in the plan and (2) to make determinations regarding eligibility for benefits under the plan". See defendant's Exhibit A. Further, Section 14, (B)(6) reads, "The plan administrator has full discretion to interpret the plan and to apply these claim review procedures". As such, the plan vests discretionary authority with the plan administrator.

Further, under FUNDING, the plan states, "Plan benefits are self-insured. *Based upon its determination of the amounts necessary to timely pay benefits and expenses, Skilstaf, Inc. shall make contributions to the plan*." (emphasis added). See defendant's Exhibit A. The plan does not identify a trust or set-aside fund for payment of benefits. Rather, the plan bases its [self-insured] contributions on an ad-hoc basis. Plaintiff submits that this may only be seen as a conflict of interest as by plan directive the plan must determine funding based upon the volume and amount of claims at any given time. As such, plan determinations must be judicially reviewed within the heightened arbitrary-and-capricious standard of review as identified in Lake above.

### B. This Court has considered evidence beyond the administrative record in ERISA matters for many years

The Court has considered this issue previously. It has spoken with regard thereto:

> In the de novo review of BellSouth's decision, this Court "is not limited to the facts available to the Administrator at the time of the determination." 10 Kirwan v. Marriott Corp., 10 F.3d 784, 789 (11th Cir. 1994). Thus, this Court is privileged to review information that was not before BellSouth when applying the de novo standard. Id.
> 10 This Court is aware of recent district court cases that do not allow the court to go beyond the administrative record during a de novo review. See Anderson v. Unum Life Ins. Co. of Am., 414 F. Supp. 2d 1079, 1100-03 (M.D. Ala. 2006); see also Hawkins v. Arctic Slope Reg'l Corp., 344 F. Supp. 2d 1331, 1335 n.6 (M.D. Fla. 2002). However, to the extent they apply to this case, this Court remains steadfast to the clearly established precedent in Kirwan, which has not been overruled. Anderson and Hawkins rely on Brown v. Blue Cross & Blue Shield, 898 F.2d 1556 (11th Cir. 1990), which holds that the court is to conduct a de novo review, but does not address the scope of the review. In fact, none of Brown's Eleventh Circuit progeny directly addresses the scope of the de novo review. Therefore, this Court aligns itself with Kirwan, which considered the issue post-Brown and clearly established the scope of a de novo review pursuant to ERISA.

Dunlap v. Bellsouth Telecommunications, Inc., 431 F. Supp. 2d 1210 (2006).

Further, in Moon v. American Home Assurance Co., 888 F.2d 86 (1989), the Court stated quite clearly, "American Home's contention that a court conducting a de novo review must examine only such facts as were available to the plan administrator at the time of the benefits denial is contrary to the concept of a de novo review...Thus, what the Supreme Court said of a similar

9

contention advanced in Firestone is equally applicable to this contention: "Adopting [this] reading of ERISA would require us to impose a standard of review that would afford less protection to employees and their beneficiaries than [they enjoyed] before ERISA was enacted". Firestone, 109 S.Ct. at 956.

Given the mandate of Firestone and its progeny, it is only appropriate for this Court to consider all relevant evidence at its disposal.

### III. **CONCLUSION**

In conclusion, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter the attached Order Denying Defendant's Objections to Plaintiff's Witness/Exhibit List.

        Respectfully submitted,

        /s/Robert E. Cole_____
        Robert E. Cole, Esquire
        Attorney for Plaintiff
        Atty. I.D. No. 73263
        437 Chestnut Street, Suite 218
        Philadelphia, PA  19106
        (215) 922-2050
        recoleesq6@juno.com

**IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

```
ROBERT E. COLE                                Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050
_____

OWEN J. ROGAL, D.D.S., P.C.           :
d/b/a THE PAIN CENTER

              V.                      :      NO. 3:06cv711-MHT

SKILSTAF, INC.                        :
```

**CERTIFICATE OF SERVICE**

Robert E. Cole, Esquire, attorney for plaintiff, hereby verifies that on the 16th day of August, 2007, he electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing as follows:

Amelia T. Driscoll, Esquire
Bradley Arant et al.
1819 Fifth Avenue North
Birmingham, AL  35203-2104

Robert E. Cole, Esquire, attorney for plaintiff, hereby verifies that on the 16th day of August, 2007, he served upon Jeanne L. Bakker, Esquire, attorney for defendant above, a true and correct copy of the foregoing by first class mail, postage prepaid to the following address:

Montgomery, McCracken et al.
123 South Broad Street
Philadelphia, PA  19109

/s/Robert E. Cole_____
Robert E. Cole, Esquire
Attorney for Plaintiff
Atty. I.D. No. 73263
437 Chestnut Street, Suite 218
Philadelphia, PA  19106
(215) 922-2050
recoleesq6@juno.com

11

## IN THE UNITED STATED DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT E. COLE<br>ROBERT E. COLE, P.C.<br>ATTORNEY I.D. NO. 73263<br>437 CHESTNUT STREET, SUITE 218<br>PHILADELPHIA, PA  19106<br>(215) 922-2050 | Attorney For Plaintiff |

_____

OWEN J. ROGAL, D.D.S., P.C.       :
d/b/a THE PAIN CENTER
501-07 SOUTH 12TH STREET
PHILADELPHIA, PA  19147

       Plaintiff        :

       V.               :   NO. 3:06cv711-MHT

SKILSTAF, INC.                    :
P.O. BOX 729
ALEXANDER CITY, AL  35011

       Defendant        :

_____

### ORDER

    AND NOW, this         day of                 , 2007, upon consideration of defendant's Objections to Plaintiff's Witness/Exhibit List and plaintiff's Memorandum in Opposition thereto, it is hereby **ORDERED and DECREED** that the Objections are **DENIED**.

                                         BY THE COURT:

 

                                         _____

                                                         J.