IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

```
ROBERT E. COLE                              Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050
_____

OWEN J. ROGAL, D.D.S., P.C.          :
d/b/a THE PAIN CENTER
501-07 SOUTH 12TH STREET
PHILADELPHIA, PA  19147

              Plaintiff              :

              V.                     :   NO. 3:06cv711-MHT

SKILSTAF, INC.                       :
P.O. BOX 729
ALEXANDER CITY, AL  35011

              Defendant              :
_____
```

**PLAINTIFF OWEN J. ROGAL, D.D.S., P.C.'S BRIEF IN OPPOSITION TO
DEFENDANT SKILSTAF, INC.'S MOTION TO STRIKE JURY DEMAND**

1

**TABLE OF CONTENTS**

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.   COUNTER-STATEMENT OF UNDISPUTED FACTS. . . . . . . . . . 3

    B.   STATEMENT OF DISPUTED FACTS. . . . . . . . . . . . . . . 4

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . .4

**A.**

**RHODES V. PIGGLY WIGGLY**, 741 F.SUPP. 1542 (1990), **BCBS OF ALA. V. LEWIS**, 753 F.SUPP. 345 (1990) AND THE SUPREME COURT IN **GREAT WEST V. KNUDSON**, 534 U.S. 204 (2002) ALL AUTHORIZE JURY TRIAL IN ERISA MATTERS

III. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . 5

    CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . 6

**I.   INTRODUCTION**

The plaintiff in this matter is Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, a corporation with principal place of business being located at 501-07 South 12th Street, Philadelphia, PA  19147.  Defendant Skilstaf, Inc. is an Alabama corporation and insurance provider/plan administrator with its headquarters and principal place of business located at P.O. Box 729, Alexander City, AL  35011.

This matter commenced in October, 2005 in Philadelphia County, PA and was removed to federal court for the eastern district of Pennsylvania on or about November of 2005.  This matter was transferred to the present venue by the Court on June 26, 2006.  This matter concerns plaintiff medical provider's allegations of non-payment of medical bills by defendant incurred by patient/insured Dennis Berry.  Mr. Berry executed an assignment of rights to plaintiff which has been reproduced in defendant's Exhibit 3 to its motion for summary judgment.

   *A.   COUNTER STATEMENT OF UNDISPUTED FACTS*

   1.   Plaintiff claims that it is entitled to medical coverage under defendant's Group Health Plan regarding radiofrequency treatment it rendered to patient Dennis Berry and seeks monetary damages as a result thereof.

   2.   Defendant's Plan is covered by ERISA.

   3.   Plaintiff demanded a trial by jury on December 14, 2005.

    4.    Defendant motions the Court to strike plaintiff's jury demand on the eve of trial after failing to do so during the previous twenty-one (21) months.

    *B.    STATEMENT OF DISPUTED FACTS*

    1.    This Court has allowed jury trial in ERISA cases since 1990.  <u>Rhodes v. Piggly Wiggly Ala. Distrib. Co.</u>, 741 F.Supp. 1542 (1990); <u>Blue Cross and Blue Shield of Ala. V. Lewis</u>, 735 F.Supp. 345 (1990).

    2.    The Supreme Court made it quite clear that claims by participants and beneficiaries under ERISA seeking to recover money based on violation of the terms of an ERISA plan are legal rather than equitable in nature.  <u>Great West v. Knudson</u>, 534 U.S. 204 (2002); <u>Sereboff v. MAMSI</u>, 126 S.Ct. 1869 (2006).

    3.    <u>Great West</u>, <u>Sereboff</u> and the Seventh (7th) Amendment allow plaintiff the right to jury trial in the instant matter.

**II.   <u>ARGUMENT</u>**

    *A.   PLAINTIFF BEARS THE RIGHT TO JURY TRIAL REGARDING THE ERISA MATTER HEREIN*

In the seminal cases of <u>Rhodes</u> and <u>Lewis</u>, this Court has spoken regarding the propriety of jury trial in ERISA matters. As the <u>Rhodes</u> Court stated, "This Court is particularly persuaded by the following penetrating observation of Chief Judge Brieant in *Vicinanzo*: Perhaps because the right to a jury trial on claims of legal entitlement is so obvious, ERISA makes no express provisions for jury trials...Now, surrounded by good company, including the Supreme Court, this court has lost the timidity it displayed in *Whitt* and will deny defendant's motion to strike plaintiff's jury demand in this ERISA case. <u>Rhodes v. Piggly Wiggly Ala. Distrib. Co.</u>, 741 F.Supp. 1542 (1990).

Likewise, the Lewis Court stated, "It is impossible for this court to ignore this new direction clearly pointed out by the Supreme Court.  The decision in *Ingersoll-Rand* requires this court *sua sponte* to reconsider and to reverse its ruling of December 13, 1990, and to reinstate this case to the jury trial docket".  Blue Cross and Blue Shield of Ala. V. Lewis, 735 F.Supp. 345 (1990).

Finally, the Supreme Court has made it clear that claims by participants and beneficiaries under ERISA seeking to recover money based on violation of the terms of an ERISA plan are legal rather than equitable in nature.  Great West v. Knudson, 534 U.S. 204 (2002); see also Sereboff v. MAMSI, 126 S.Ct. 1869 (2006). Given same, the Seventh (7th)Amendment provides plaintiff the right to jury trial herein.

### III. **CONCLUSION**

In conclusion, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter the attached Order Denying Defendant's Motion to Strike Jury Trial.

                    Respectfully submitted,

/s/Robert E. Cole
Robert E. Cole, Esquire
Attorney for Plaintiff
Atty. I.D. No. 73263
437 Chestnut Street, Suite 218
Philadelphia, PA  19106
(215) 922-2050
recoleesq6@juno.com

**IN THE UNITED STATED DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

```
ROBERT E. COLE                              Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050
_____
OWEN J. ROGAL, D.D.S., P.C.         :
d/b/a THE PAIN CENTER

            V.                      :    NO. 3:06cv711-MHT

SKILSTAF, INC.                      :
```

**CERTIFICATE OF SERVICE**

Robert E. Cole, Esquire, attorney for plaintiff, hereby verifies that on the 17th day of August, 2007, he electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing as follows:

> Amelia T. Driscoll, Esquire
> Bradley Arant et al.
> 1819 Fifth Avenue North
> Birmingham, AL  35203-2104

Robert E. Cole, Esquire, attorney for plaintiff, hereby verifies that on the 17th day of August, 2007, he served upon Jeanne L. Bakker, Esquire, attorney for defendant above, a true and correct copy of the foregoing by first class mail, postage prepaid to the following address:

> Montgomery, McCracken et al.
> 123 South Broad Street
> Philadelphia, PA  19109

> /s/Robert E. Cole_____
> Robert E. Cole, Esquire
> Attorney for Plaintiff
> Atty. I.D. No. 73263
> 437 Chestnut Street, Suite 218
> Philadelphia, PA  19106
> (215) 922-2050
> recoleesq6@juno.com

6

IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

ROBERT E. COLE                                           Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050
_____

OWEN J. ROGAL, D.D.S., P.C.         :
d/b/a THE PAIN CENTER
501-07 SOUTH 12TH STREET
PHILADELPHIA, PA  19147

            Plaintiff               :

            V.                      :   NO. 3:06cv711-MHT

SKILSTAF, INC.                      :
P.O. BOX 729
ALEXANDER CITY, AL  35011

            Defendant               :
_____

**ORDER**

AND NOW, this        day of             , 2007, upon consideration of defendant's Motion to Strike Jury Demand and plaintiff's Memorandum in Opposition thereto, it is hereby **ORDERED and DECREED** that the Motion is **DENIED**.

                                        BY THE COURT:


                                        _____
                                                                    J.